[Civil No. 1499.   Filed March 13, 1916.]

[155 Pac. 964.]

CHARLES DAZE and THE NEW MEXICO AND ARI-
ZONA LAND COMPANY, Appellants, v. FRANK B.
KETCHUM, Appellee.

1. APPEAL AND ERROR—RECORD—FILING STATEMENT OF FACTS—STAT-
UTE.—Under Civil Code of 1913, paragraph 603, requiring the filing
of a statement of facts, bill of exceptions, or the transcript of the
reporter's notes within sixty days after the entry of judgment or
the order denying a motion for a new trial, or within such times
as may be stipulated between the parties, or such additional time
as may be allowed by the court by an order in the case, the state-
ment of facts and transcript of the reporter's notes filed in the
lower court on July 29th, after a motion for new trial had been
overruled April 30th, without any stipulation or order for an addi-
tional time, became no part of the record.

2. APPEAL AND ERROR—REVIEW—JUDGMENT.—Where the evidence of
trial is not before the supreme court because the statement of facts
was not filed in time, its review is limited to the pleading, the
general and special verdicts, and the judgment of the court.

3. WATERS AND WATERCOURSES—DETERMINATION OF RIGHTS—REVIEW—
JUDGMENT—PARTIES.—In an action by the individual plaintiff, the
owner of land in section 6, and the lessee of section 7, alleged to
be owned by a company made a party plaintiff, where the allega-
tions of the complaint limited the right to water in dispute to the
individual plaintiff and the defendant, and the plaintiff company
made no claim to the water in dispute, a judgment, as between the
individual plaintiff and defendant, that defendant have the quiet
and peaceable possession of the water and the right to maintain
a storage dam, was not erroneous, for failing to enter judgment
in favor of the plaintiff company directing defendant to destroy
his dam and cease storing water upon section 7.

[As to appropriation of waters and what constitutes the same, see
note in 60 Am. St. Rep. 799.]

APPEAL from a judgment of the Superior Court of the
County of Navajo.   John A. Ellis, Judge.   Affirmed.

Mr. Thorwald Larson, for Appellants, and Mr. W. F. Evans
and Mr. John G. Egan, for Appellant The New Mexico &
Arizona Land Company.

Mr. X. N. Steeves, for Appellee.

ROSS, C. J.—The appellants, who were the plaintiffs below, show by their complaint that Charles Daze is the owner of 160 acres of land on section 6 and the lessee of section 7, township 19 north, range 16 east, Navajo county, Arizona, and that the owner of said section 7 is The New Mexico & Arizona Land Company; that the appellant Charles Daze is the owner and entitled to the use and possession of certain waters as against the appellee by right of prior appropriation; that the appellee had entered upon section 7, constructed thereon a dam and reservoir to catch and impound said waters for the purpose of diverting and using the same upon appellee's premises. There is no allegation in the complaint that the appellant The New Mexico & Arizona Land Company makes any claim to or has any interest whatever in the waters, the only allegation of interest on the part of the land company being its ownership of section 7. It is alleged that the appellee's entry upon section 7 was without the permission or consent of either the plaintiffs, lessor or lessee, and that the said dam and reservoir was constructed and is now maintained without any authority from either. The prayer of the complaint is that an injunction issue restraining the defendant from in any manner impounding and diverting the waters from flowing into appellant Daze's dam and ditches and from in any manner interfering with Daze's use and enjoyment of said waters, and ordering defendant to cut and remove his dam and reservoir, and upon final hearing the court is asked to adjudge Daze to be the owner, entitled to the exclusive use, right and enjoyment of all of said waters; for damages and general relief. Defendant's answer denied the allegations of the complaint, and set up affirmatively that the appellee was the owner and entitled to the use and possession of the waters in dispute by right of prior appropriation and use. We do not pretend to set forth all of the motions, demurrers and pleadings, and the rulings of the court thereon, believing as we do that the above short statement is all sufficient to dispose of the case. A jury trial was had, to which a number of controverted facts were submitted and by it answered. All of the answers supported the defense. A general verdict was also returned in favor of the appellee. Upon the answers to the special interrogatories and the gen-

eral verdict, the court, on March 23, 1915, entered judgment for the appellee, from which this appeal is prosecuted.

From the record it appears a motion for a new trial was made on April 21, 1915, and amended April 29th. This motion was overruled April 30th, on which date appellants gave notice of appeal. On July 29, 1915, there was filed in the lower court two documents, one of which is called "a statement of facts" and the other "the transcript of the reporter's notes." Paragraph 603 of the Civil Code of 1913 requires that within sixty days after the entry of judgment or the order denying a motion for a new trial, etc., or within such additional or less time as may be stipulated between the parties, or within such additional time as may be allowed by the court or judge by an order in the case, the filing of a statement of facts, a bill of exception, or the transcript of the court reporter's notes.

In this case there was no stipulation nor order of the court allowing additional time, or any time beyond the statutory sixty days, and we have so often decided, in the absence of such, these papers do not become a part of the record, it would seem unnecessary that the profession be further advised thereon. The evidence taken at the trial, therefore, is not before us to aid the appellants in the presentation of the error of which they complain. Our attention must be confined to the pleadings, the special and general verdicts of the jury, and the judgment of the court.

The appellants do not complain of that part of the decree giving the waters in dispute to appellee, but do earnestly and strenuously contend that the court should have entered judgment in favor of The New Mexico & Arizona Land Company, directing appellee to cut and destroy his dam and to cease storing the waters upon section 7.

The ground or essence of the complaint was concerning the waters, and the dispute as to the ownership of these, by the allegations of the complaint, was limited to appellant Daze and appellee. The allegation that the ownership of section 7 was in the land company appears more incidental than of the substance of the charge, which is evidenced by the prayer of the complaint, and, the land company laying no claim to waters in dispute, it is not apparent why it should

have been named as one of the plaintiffs. In any event, we do not think that it is aggrieved by the judgment entered. That part of the judgment complained of reads:

"That as between plaintiff Charles Daze, and defendant Frank B. Ketchum, said defendant have the quiet and peaceable possession of the waters by him appropriated in the old channel of the Little Colorado river, and that said defendant have the right to maintain his storage dam therein."

The judgment is limited to a determination of the rights of Daze and Ketchum, and does not pretend to decide any disputes or controversies between the land company and appellee. It is expressly limited and restricted to a determination of the controversy between Daze and Ketchum.

If it be true, as contended by counsel for appellants, that the appellee entered upon section 7, constructed his dam and reservoir without the permission or authority from the land company, the rights of the company are unaffected by the judgment in this case, and it may, notwithstanding this judgment, in a proper proceeding have its rights determined.

Judgment affirmed.

FRANKLIN and CUNNINGHAM, JJ., concur.