[Civil No. 1929. Filed March 16, 1922.]

[205 Pac. 320.]

In the Matter of the Estate of ALMIRA M. GILES BOYER, Deceased. HARRY W. FLEMING and VERDIE FLEMING, Appellants, v. A. M. BOYER, Executor of the Estate of ALMIRA M. GILES BOYER, Deceased, Appellee.

1. APPEAL AND ERROR—TRANSCRIPT OF REPORTER'S NOTES, NOT FILED WITHIN SIXTY DAYS NOR WITHIN EXTENDED TIME, DISMISSED.— Where, on appeal from an order approving an executor's account, the transcript of the reporter's notes was not filed within the sixty days required by Civil Code of 1913, paragraph 603, and there was no additional time stipulated between the parties, nor allowed by an order of the judge, it will be stricken from the files.

2. EXECUTORS AND ADMINISTRATORS—VOUCHER FOR CLAIM ALLOWED BY COURT TO EXECUTOR AS CREDITOR NOT REQUIRED IN HIS REPORT.— Where an executor is a creditor of an estate, and his claim had been presented and allowed, the allowance by the judge, under Civil Code of 1913, paragraph 899, was sufficient evidence of its correctness, and no voucher was necessary under paragraph 1006, providing that in rendering account the executor must file vouchers.

3. APPEAL AND ERROR—JUDGMENT ALLOWING CLAIM AGAINST ESTATE NOT DISTURBED WHERE REPORTER'S NOTES STRICKEN FROM RECORD. Where, on appeal from an order allowing a claim against a decedent's estate, the transcript of the reporter's notes had been stricken from the files, any knowledge of what the court acted on in allowing the claim was not presented, and the judgment will not be disturbed.

APPEAL from a judgment of the Superior Court of the County of Navajo. J. E. Crosby, Judge. Affirmed.

Mr. Thos. R. Greer, for Appellants.

Mr. C. H. Jordan, for Appellee.

McALISTER, J.—Almira M. Giles Boyer died at Holbrook, Arizona, on November 21, 1919, leaving an

estate consisting of real and personal property lo-
cated partly in this state and partly in Oklahoma.
A. M. Boyer, her husband, the executor of her estate,
filed on October 13, 1920, his first account and report,
to which written objections were made on December
31st following by Harry Fleming, a son and heir of
the deceased.  These were heard and overruled, and
an order entered on January 8, 1921, approving the
account as filed.  Harry Fleming, being dissatisfied
with the order of approval, has brought it here for
review.

Notice of appeal from this order, or judgment, was
given March 8, 1921, and the bond on appeal filed
and approved the day following.  The transcript of
the court reporter's notes, however, was not filed until
March 28, 1921, a period of seventy-four days after
the entry of judgment, and there was no additional
time stipulated between the parties nor allowed by
an order of the judge or court in which this might
be done.  In consequence of appellant's failure in this
respect, appellee moves that the transcript be stricken
from the files, and in obedience to the provisions of
paragraph 603 of the Revised Statutes of 1913, re-
quiring that, "at any time within sixty days after the
entry of judgment in the case, . . . or within such
additional or less time as may be stipulated between
the parties, or within such additional time as may be
allowed by the court or judge, by an order in the case,
either party may file with the clerk of the court a
statement of facts, a bill of exceptions, or a tran-
script of the court reporter's notes," this motion must
be granted, for the holding of the court in *Daze* v.
*Ketchum,* 18 Ariz. 31, 155 Pac. 964, in the following
language, is controlling:

"In this case there was no stipulation nor order of
the court allowing additional time, or any time beyond
the statutory sixty days, and we have so often de-

cided, in the absence of such, these papers do not become a part of the record, it would seem unnecessary that the profession be further advised thereon. The evidence taken at the trial, therefore, is not before us to aid the appellants in the presentation of the error of which they complain. Our attention must be confined to the pleadings, the special and general verdicts of the jury, and the judgment of the court.''

The particular part of the account objected to is an item of $1,057.72, which the executor paid to himself upon the allowance and approval in this sum, by the judge of the court, of his verified claim for $1,275. As filed this claim was itemized as follows:

| | |
|---|---:|
| May, 1918. One house 12x14 ft. ceiled comb. roof | $ 310 00 |
| May, 1918. Storehouse, fencing and repairs on old house | 350 00 |
| '17, '18, and '19. Labor and material on new house | 225 00 |
| Cash for personal use at divers times | 390 00 |
| Total Amount | $1,275 00 |

Appellant assigns a number of errors upon the action of the court approving the account, but the first and chief one is that it contains this claim of appellee, which had been allowed without any proper vouchers to support any of its items. This contention is based upon the provisions of paragraph 1006 of the Revised Statutes of 1913, which provide that:

"In rendering his account, the executor or administrator must produce and file vouchers for all charges, debts, claims and expenses which he has paid, which must remain in the court.''

Inasmuch, however, as this claim, duly authenticated by affidavit, had been presented to the judge of the superior court, and by him allowed in June, 1920, there was no necessity that it be supported by other vouchers simply because it formed a part of the ex-

ecutor's account and report. It was its own voucher, since its allowance by the judge was "sufficient evidence of its correctness" (paragraph 899, Revised Statutes 1913), and was properly paid by the executor after its allowance and approval. As used here, a voucher is merely a writing of some kind showing the payment of money by the executor or administrator, and a receipt from A. M. Boyer, individually, to A. M. Boyer, executor of the estate of Almira M. Giles Boyer, deceased, showing that he had paid himself the $1,057.72 allowed by the judge, could have been of no possible assistance to the court in passing upon the correctness of the account, for it already had this knowledge, having gained it when the claim was allowed. If, however, the money had been paid to some other claimant than the executor or administrator, the court, in hearing the account, would have been without knowledge of its correctness, and support or proof of its payment by vouchers, other than the verified claim itself would have been necessary. But the executor was not required to furnish vouchers in support of this item of the account, in addition to those which may have accompanied the claim when presented to the judge for allowance. If it was sufficient then, without any, none were required later.

The remaining assignments submit propositions affecting the sufficiency of the evidence to establish the correctness of the items of this claim of the executor; but, inasmuch as the testimony bearing thereon is not before us, we cannot say that the trial court acted without full justification in approving the account. It does not appear how the judge satisfied himself of the correctness of this claim when it was allowed by him in June, 1920, nor by what he was governed in approving the account containing it on

23 Ariz.—31

January 8, 1921; but the items are such that they could have formed a basis of agreement between the deceased and appellee, for the wife can undoubtedly contract with her husband to perform labor on or furnish material for her separate property, and also to advance money for her personal use under an agreement that she will repay him from her separate estate. The trial judge, after an investigation that convinced him that the claim was just, allowed it, and the evidence taken at the hearing on the account did not lead the court, presided over by the same judge, to a different conclusion. Without any knowledge of what the judge or court acted upon in allowing the claim or approving the account, we cannot disturb either.

The order of approval is affirmed.

ROSS, C. J., and FLANIGAN, J., concur.