CLARK v. TAYLOR et al. (No. 7670.)

(Court of Civil Appeals of Texas. Galveston. Feb. 27, 1919. Rehearing Denied March 27, 1919.)

1. APPEAL AND ERROR ⟨⟩707(2)—RECORD—JUDGMENT—RIGHT TO EXCESS ON SALE OF LAND.

In an action to foreclose vendor's lien against the vendee and purchasers of part of land, where there was a judgment against the vendee for the amount due on notes sued upon and against the other defendants forclosing the lien, but providing, in event the land should sell for more than sufficient to satisfy plaintiff's judgment, for payment of the excess to the "defendants," it cannot be said on appeal that the direction to pay the excess to the "defendants" was not proper, where there was no pleading between the defendants, and the only allegation as to the ownership of the land was an allegation in plaintiff's petition that part of the tracts had been sold by the vendee to the other defendant, and where there is no statement of facts with the record.

2. JUDGMENT ⟨⟩251(2) — CONFORMITY TO PLEADING AND ISSUES—RELIEF BETWEEN DEFENDANTS.

In a suit to foreclose vendor's lien against the vendee and others who had purchased part of the land from the vendee, in the absence of any pleading of equities by either defendant, or any pleading or proof as to the amount he was entitled to receive of the excess proceeds of a sale of the lands, the court could not do otherwise than direct that such excess proceeds be paid to the defendants jointly.

3. JUDGMENT ⟨⟩21—DEFINITENESS.

In action on notes and to foreclose vendor's lien against the vendee and others who had purchased part of the land from vendee, a judgment against the vendee for the amount due upon the notes and against all of the defendants foreclosing the lien, the decree foreclosing the lien and ordering the sale of the land directing the officers making the sale, in event the lands should sell for more than sufficient to satisfy the judgment, to pay the excess to the "defendants," was not indefinite nor uncertain, so as to require that it be reversed or reformed.

4. JUDGMENT ⟨⟩736—RES JUDICATA—MATTERS NOT IN ISSUE—RIGHTS BETWEEN DEFENDANTS.

In an action on notes and to foreclose a vendor's lien against the vendee and others who had purchased part of the land from the vendee, a judgment against the vendee for the amount due on the notes and against all the defendants foreclosing the lien, directing that any excess proceeds be paid to the "defendants," in the absence of any pleading or proof as to the amounts each was entitled to receive of the excess proceeds of a sale, will not preclude either of the defendants from having their equities in any such excess proceeds thereafter adjudicated.

Error from District Court, Jackson County; John M. Green, Judge.

Suit by W. E. Taylor against H. J. Clark and others. Judgment for plaintiff, and H. J. Clark brings error. Affirmed.

W. E. Lessing and W. L. Eason, both of Waco, for plaintiff in error.

J. H. Hooker, of McGregor, and Cross & Rogers, of Waco, for defendants in error.

PLEASANTS, C. J. This appeal is from a judgment rendered in a suit brought by W.

E. Taylor against H. J. Clark and J. H. Lindsey and wife, Addie L. Lindsey. Other parties were interpleaded, but for the purpose of this opinion it is only necessary to state the case and the result of the suit as between the parties above named.

Plaintiff Taylor sued to recover upon five promissory notes executed by Clark in part payment of four tracts of land described in the petition, and to foreclose a vendor's lien upon the land. The petition alleges that Clark had sold two of the tracts of land to Lindsey and wife, and they were made parties for the purpose of foreclosing plaintiff's lien as against them upon the two tracts of land sold to them.

The defendant Clark answered plaintiff's suit by a general demurrer and general denial. The answer of the defendant J. H. Lindsey contains only a general demurrer and general denial. No answer was filed for Mrs. Lindsey. There was no pleading of the defendants against each other.

The trial in the court below without a jury resulted in a judgment in favor of plaintiff against defendant Clark for the amount due upon the notes sued upon, and against all of the defendants foreclosing plaintiff's vendor's lien. The decree foreclosing the lien and ordering the sale of the land is in the usual form, and directs the officers making the sale, in event the land shall sell for more than sufficient to satisfy plaintiff's judgment, to pay the excess to the "defendants."

Under sufficient assignments of error plaintiff in error assails the judgment on the ground that, Clark being the judgment debtor, all of the excess for which the land might be sold over and above the amount sufficient to satisfy plaintiff's judgment should be paid to him, and there was neither pleading nor evidence to authorize the payment of any part of the excess to defendants Lindsey and wife.

[1, 2] These assignments cannot be sustained. As we have before stated, there was no pleading as between Clark and Lindsey, and the only allegation as to the ownership of the land is the allegation of plaintiff's petition that two of the four tracts had been sold by Clark to Lindsey. There is no statement of facts with the record. Upon this state of the record we cannot say that the trial court was not authorized to direct that the excess, if any, in the proceeds of the sale should be paid to the defendants. If the evidence disclosed that Clark sold a portion of the land to Lindsey, we know of no rule of law which would prevent the court from directing that any excess in the proceeds of the sale should be turned over to the defendants. Plaintiff sought foreclosure of his lien against the defendants jointly upon all of the land, and such judgment was awarded him. If upon a sale of the land under this judgment there should be any excess in the proceeds, such excess would belong to the owners of the land. The mere fact that Clark was the judgment debtor would not entitle him to receive the excess in the proceeds of the sale of land which belonged to Lindsey. If there were any equities which could have been asserted in this suit, and that would have entitled either of the defendants to receive any portion of the excess proceeds of the sale of the land of the other, such equities should have been pleaded. Or if under the facts one of the defendants was entitled to a greater portion of the excess proceeds than the other, such facts should have been alleged and proven, and the court could have then directed the excess proceeds of the sale to be paid to the defendants severally in the amount to which each should be entitled. But in the absence of any pleading of equities by either defendant, or any pleading or proof as to the amount each was entitled to receive of the excess proceeds of the sale, the court could only direct, as it did, that such excess proceeds be paid to them jointly.

[3] Such judgment is not indefinite nor uncertain, and cannot be reversed or reformed on that ground, as was done in the case of Shannon v. Buttery, 140 S. W. 859, which directed that the excess proceeds of the sale of the lien property be paid "to the defendant H. A. Shannon, or those claiming under him."

[4] We think the judgment in this case, like a deed conveying land to several vendees, prima facie gives an equal interest to each. It appears, however, from the record that the respective rights of the defendants in the excess proceeds of the sale were not settled by this judgment, such rights not having been put in issue by any pleading, and the affirmance of this judgment will not preclude either of the defendants from having their equities in any such excess proceeds hereafter adjudicated.

It follows from the views above expressed that the judgment should be affirmed; and it has been so ordered.

Affirmed.