374 P.2d 882

**James B. REIDY, as Executor of the Estate of John Menehan, deceased, Appellant,**

v.

**O'MALLEY LUMBER COMPANY, a corporation, and Arizona Lumber & Supply Co., a corporation, Appellees,**

**Emmitt Newland and Sarah Jane Newland, husband and wife, et al., Appellees,**

**Edward A. Suska and Joyce M. Suska, husband and wife, Appellees.**

No. 6871.

Supreme Court of Arizona,

En Banc.

Oct. 3, 1962.

Riley & Riley, Tucson, for appellant.

Richard N. Roylston, Tucson, for appellees Newland.

JENNINGS, Justice.

James B. Reidy, Executor of the estate of John L. Menehan, deceased, (hereinafter called appellant) appeals from that part of the judgment in an action for specific performance of a contract of sale of real estate which provided for the distribution of the proceeds.

In 1954 John L. Menehan owned forty acres of vacant, unencumbered land in Pima County which he desired to subdivide into lots and parcels for homesites. He entered into a written agreement with Emmitt A. Newland and his wife (hereinafter called appellees) on May 30, 1954, whereby appellees agreed to subdivide the land, install and operate a water system and to sell the lots and parcels. The agreement provided that appellees were to receive one-half the "profits" from the sale of each lot or parcel.

Shortly after entering into the written agreement, Menehan and appellees entered into an oral agreement to build houses upon the lots. The construction of these houses was to be financed by Menehan, Menehan's mother and appellees. Any additional capital required was to be borrowed. To enable appellees to borrow money Menehan transferred title to the lots to them. After the sale of each house the building costs were to be paid from the proceeds of the sale. Menehan and appellees were then to divide the remainder of the proceeds equally. between them. In September, 1955, appellees reconveyed the lots to Menehan pursuant to an oral agreement entered into at that time.

A suit to foreclose mechanic's liens on a certain house and lot within the subdivision

was filed against Menehan and appellees. Shortly thereafter Menehan and appellees contracted to sell this house and lot to Edward A. Suska and his wife. Thereafter, Menehan brought suit against appellees and others to foreclose a mortgage on this same house and lot.[1] These two suits were consolidated for trial.[2]

The judgment rendered in the consolidated action decreed, among other things, that the title to the property was in Menehan and that the note and mortgage sought to be foreclosed by Menehan had been satisfied.[3] In addition, the mechanic's liens were foreclosed in the judgment and the sheriff ordered to sell the property, pay the mechanic's liens and distribute any proceeds of the sale over and above the sums required to satisfy the liens, half to appellant and half to appellees. No appeal was taken from this judgment.

In March, 1958, a suit for specific performance was filed by Edward A. Suska and his wife against appellant and appellees to compel them to convey the house and lot to them. The trial court granted the Suskas' motion for summary judgment, took judicial notice of the judgment entered in the consolidated action, and in reliance thereon, insofar as a distribution of the proceeds from the Suska sale was concerned, decreed that after appellant was repaid the sums he had expended in paying off the mechanic's liens, the balance should then be divided equally between appellant and appellees. In addition, the trial court entered in the prior consolidated action an "Order After Judgment" to the same effect as the judgment. Appellant appeals from that part of the judgment which provides for the distribution of the proceeds and also from the order after judgment.

There are some twelve assignments of error. We will not restate them, but will discuss the issues raised in what seems to us to be the logical order. The first question is whether the court erred in relying on the judgment entered in the trial of the consolidated action in distributing the proceeds resulting from the suit for specific performance.

A court may take judicial notice of the record in another action tried in the same court. Regan v. First Nat. Bank

1. Appellees had borrowed $7,000 from Menehan's mother. They signed a promissory note secured by a mortgage on the house and lot subsequently contracted to be sold to the Suskas. The mortgage was executed while appellees had title to the property. Menehan acquired the note and mortgage as legatee of his mother's estate, she having died in the meantime.

2. While these cases were pending Menehan died and his Executor, James B. Reidy, was substituted in both actions.
3. It was brought out at the trial that Menehan had agreed to cancel the note and mortgage as consideration for the reconveyance of the house and lot pursuant to the oral agreement entered into in September, 1955.

of Arizona, 55 Ariz. 320, 101 P.2d 214 (1940); Clifford v. White, 54 Ariz. 252, 94 P.2d 875 (1939); Stewart v. Phoenix Nat. Bank, 49 Ariz. 34, 64 P.2d 101 (1937). Although the action of which the court, in the case at bar, took judicial notice involved foreclosure of mechanic's liens, the court was there confronted with the question of who was entitled to the surplus resulting from a sheriff's sale. In the instant case the court was confronted with the identical question of who was entitled to the proceeds from this same property resulting from the suit for specific performance. In deciding the question the court properly considered the determination made by the court in the prior action. Nothing had occurred since that judgment which would change the respective rights of the parties to the proceeds received from a sale of the property other than that appellant had paid the mechanic's liens rather than to suffer the property to be sold at a sheriff's sale. This, in substance, disposes of appellant's fifth and sixth assignments of error.

■ The second question is whether the judgment rendered in the consolidated ac-

tion is res judicata upon the issue which is the subject of this appeal, to wit: who was entitled to the proceeds resulting from the suit for specific performance?

Appellant contends that even if paragraph 8 of the second amended judgment [4] can be read as giving appellees a one-half interest in the property, it is not binding or res judicata because such a finding was outside the issues that were tried and because it is ambiguous on its face when read with the rest of the amended judgment. It is his position that when the court decreed, in the second amended judgment, that appellees' note was satisfied by the conveyance of the property to Menehan, appellees' interest in the property ceased; that appellant's voluntary payment of the mechanic's liens left nothing for the sheriff to distribute and therefore, that part of the judgment directing surplus proceeds from the sale be distributed half to appellant and half to appellees became *functus officio*. He argues that to allow payment to appellees of one-half the proceeds of the Suska sale is to pay appellees twice.

Appellees contend that the appellant, by taking the position that he is entitled to all

4. The judgment in the consolidated action was amended twice. Paragraph 8 of the second amended judgment reads:
   "That said Writ of Special Execution shall command the Sheriff to sell the said property for the purpose of satisfying the judgment and disposing of the sales proceeds in accordance with the statutes of the State of Arizona, except that any

proceeds of said sale over and above the sums required to satisfy the liens hereinabove set out shall be distributed half to James B. Reidy, Executor of the Estate of John L. Menehan, deceased, and half to Emmitt A. Newland and Sara Jane Newland, husband and wife, or their assignees; * * * "

of the proceeds from the property, is attempting to avoid, evade, and deny the force and effect of the judgment rendered in the consolidated action on this exact point. He argues that this Court should not be concerned with whether it was right or wrong since that matter should have been decided on appeal from that judgment.

We are satisfied, on examining the record, that the issue involved in this appeal was determined in the prior action and is therefore res judicata. Although a judgment or decree adjudicating that excess proceeds of a sale made to satisfy a lien be paid to the defendants is not conclusive as to their various interests in the fund if no issue was made as to their respective rights, Clark v. Taylor, (Tex.Civ.App.) 212 S.W. 231 (1919), the judgment or decree is conclusive if, in fact, such issue was raised and determined between them. Bank of America Nat. Trust & Savings Ass'n v. McLaughlin, 22 Cal.App.2d 411, 71 P.2d 291, 72 P.2d 554 (1937). It appears from the record that the respective rights of the appellant and the appellees in the property were put in issue in the consolidated action although not raised in the pleadings. Evidence was received on the matter and it was extensively argued to the court. Rule 15(b) of the Rules of Civil Procedure, 16 A.R.S. provides:

> "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings.
> * * * "

At the conclusion of the trial the court granted appellees' motion to amend the pleadings to conform to the evidence. Although the judgment in the consolidated action provided for the distribution of any surplus arising from the sheriff's sale, whereas the judgment in the case at bar provided for the distribution of the proceeds of the Suska sale, the issue in both cases was the same for, in making such determination it was necessary to consider the rights of the parties in the property. The court's provision that appellees were to receive half the surplus, if any, from the sheriff's sale was a determination that appellees had an interest in the realty. McDaniel v. Belt, (Tex.Civ.App.) 54 S.W.2d 592 (1932). Since the issue was raised and determined in the previous action that judgment is res judicata and the issue may not again be relitigated. Hoff v. City of Mesa, 86 Ariz. 259, 344 P.2d 1013 (1959); Ocean Accident and Guarantee Corp., Ltd. v. United States Fidelity and Guaranty Co., 63 Ariz. 352, 162 P.2d 609 (1945).

Appellant contends however, that if paragraph 8 of the second amended judgment can be read as giving appellees one-half interest in the property, it is not binding or *res judicata* because it is ambiguous on its face when read with the rest of the amended judgment. He argues that Menehan

and appellees freed the Suska property from the coadventure agreement by an oral agreement made in September of 1955, wherein appellees (who held legal title to the lots to enable them to borrow money) agreed to reconvey the Suska property to Menehan and Menehan agreed to cancel the note secured by a mortgage on the Suska property.[5] Appellant contends his position is fortified by the judgment in the consolidated action, wherein it was held that the note and mortgage had been satisfied and that the legal title to the property was in Menehan. Appellant states that "it would be introducing confusion and absurdity to read the judgment as confirming a title with one breath, and in another breath, as intending clouding that title by a trust in favor of another [by providing that any surplus from the sale of the property be divided between the parties], when the Judge has not said so."

The record does not bear out the appellant's contentions. Even after Menehan and appellees had entered into the oral agreement in September, 1955, with reference to reconveying the lots to Menehan, both Menehan and appellees considered their coadventure agreement to still be effective and valid. At the trial Newland testified that even after he deeded the houses and lots back to Menehan he still owned a half interest in them. He also stated that the agreement made in September, 1955 did not change the relationship existing between himself and Menehan. Appellant never controverted this testimony, nor should he have, for in the deposition of John L. Menehan, taken before his death, Menehan stated that the agreement between him and appellees, whereby they were to build houses and split the profits, was still in effect even after the appellees deeded the lots to him. He also stated that the agreement applied to the Suska deal. Therefore, even though the judgment decreed legal title to be in Menehan, the coadventure agreement between Menehan and appellees was still effective and the court properly provided for a distribution of any surplus arising from the sale of said property to be distributed equally between Menehan and appellees pursuant to the agreement.

██ It is difficult to determine from the record just how profits were to be calculated. The written agreement between the parties, with reference only to developing the land, provided that appellees were to bear the expense of having the land surveyed and divided into lots, preparing and filing a subdivision map and installing and operating a water company to serve the subdivision. It then provided that upon the sale of any lots the normal sales costs were to be deducted and the "profits"

5. There were other lots that were reconveyed to Menehan at this time as well.

divided equally between the parties. The oral agreement, in which the parties agreed to build houses on the lots, was on a similar basis as the written agreement. As each house was sold the building costs were to be paid and what was left over was to be divided equally between the parties. Appellant's argument that there never were any profits and hence there could be no distribution of such is without merit. Profits were not to be determined on the basis of the whole coadventure. Each individual house and lot was to be considered separately.[6] This, in substance, disposes of appellant's assignments of error Nos. 1, 2, 3, 4, 8, 9, 10 and 11.

 The last question involves whether an appeal can be taken from the order after judgment entered in the consolidated action.[7] Appellant contends that the order after judgment reformed the earlier judgment, established new rights and superadded new enforcement measures and is therefore appealable.

The appeal from the order after judgment presents the same questions as would be presented on an appeal from the judgment. An order made after judgment is not appealable if the appeal presents the same question as would be presented on an appeal from the judgment. Hilliker v.

Board of Trustees, 91 Cal.App. 521, 267 P. 367 (1928).

The judgment is affirmed.

BERNSTEIN, C. J., UDALL, V. C. J., and STRUCKMEYER and LOCKWOOD, JJ., concur.

6. There is presently an action between the parties for an accounting. The Suska property is not included in the action.

7. Appeal from an order after judgment is permitted by A.R.S. § 12–2101, subd. (C).