NOTICE: NOT FOR PUBLICATION.
UNDER ARIZ. R. SUP. CT. 111(c), THIS DECISION DOES NOT CREATE LEGAL PRECEDENT
AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

CHRISSY RODRIGUEZ, *Petitioner/Appellant*,

*v.*

TODD STEDDOM, *Respondent/Appellee*.

No. 1 CA CV12-0735
FILED 5-6-2014

Appeal from the Superior Court in Maricopa County
No. FC 2010-093496
The Honorable Benjamin R. Norris, Judge

**APPEAL DISMISSED**

COUNSEL

Law Office of Stone & Davis PC, Scottsdale
By Kiilu Davis

*Counsel for Petitioner/Appellant*

Gillespie Shields & Durrant, Mesa
By Jeffrey McCombs and Mark A. Shields

*Counsel for Respondent/Appellee*

---

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Kent E. Cattani and Judge Michael J. Brown joined.

---

D O W N I E, Judge:

¶1        Chrissy Rodriguez ("Wife") appeals the denial of her motion filed pursuant to Rule 85(C) of the Arizona Rules of Family Law Procedure.  Because Wife's appeal presents issues that could and should have been the subject of a timely appeal from the underlying decree, we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

¶2        During a divorce trial in January 2012, one of the contested issues was whether Wife had a community interest in a portion of eight parcels of Iowa farm land.  Todd Steddom ("Husband") testified that he acquired all of the property before marriage but lost a 3.92-acre parcel ("Parcel") in a highway condemnation proceeding.  Wife testified that this Parcel, which she valued at $58,000, was reacquired during the marriage with funds from her money market account. According to Husband, though, he repurchased the Parcel with condemnation proceeds.  The parties also testified at trial about their debts and two Chandler rental properties acquired during marriage.   Wife asked the court to assign to her all debts associated with her own credit cards, which she identified at trial.

¶3        The family court filed its decree on January 31, 2012.  It awarded Husband the Iowa farm land, including the Parcel, as his sole and separate property, and assigned to Wife all credit card debt she had agreed to assume at trial.  Each party received one of the Chandler rental properties.

¶4        Wife did not appeal from the decree or file a motion for new trial.  Instead, on February 28, 2012, she filed a motion for reconsideration pursuant to Rule 35(D).  The family court denied most of the relief Wife requested therein because, with the exception of her claim for child support arrearages, she was presenting new facts relating to previously litigated issues.

**¶5** On June 22, 2012, Wife moved for relief from the decree under Rule 85(C)(1)(b)-(c), (e)-(f) of the Arizona Rules of Family Law Procedure. The family court denied her motion. Wife then filed a notice of appeal from the denial of her Rule 85 motion.

## DISCUSSION

**¶6** Husband challenges our jurisdiction, arguing Wife's Rule 85(C) motion is a belated attempt to challenge issues that should have been appealed. We must determine whether the order resolving the Rule 85(C) motion is the type of special order made after final judgment that may be appealed under Arizona Revised Statutes ("A.R.S.") section 12-2101(A)(2).

**¶7** To be appealable under A.R.S. § 12-2101(A)(2), an order must raise issues different from those that would arise from an appeal of the underlying judgment. *Arvizu v. Fernandez*, 183 Ariz. 224, 226-27, 902 P.2d 830, 832-33 (App. 1995). Wife's Rule 85(C) motion attacked Husband's trial testimony, challenged the allocation of property and debts, and protested the lack of time she was allotted for cross-examination. The motion raised issues that Wife could have raised in an appeal from the decree.[1] We therefore lack jurisdiction to consider her claims on appeal. *See Engel v. Landman*, 221 Ariz. 504, 510, ¶¶ 19-20, 212 P.3d 842, 848 (App. 2009) (finding no jurisdiction over appeal from a

---

[1] To buttress her Rule 85(C) motion, Wife attached (1) records of the 2010 unpaid balances on two credit cards in her name; (2) a letter from a Polk County Attorney asserting that the Iowa farm land "was not a part of the Steddom's condemnation proceedings;" (3) bank account statements reflecting transfers from Wife's account from January to March 2005; (4) a 2004 check Wife made out to cash; (5) a January 2011 statement showing mortgage balances from one of the Chandler rental properties; and (6) a valuation of comparable properties contradicting Husband's estimate of property values at trial. Each of these documents relates to issues Wife could have appealed or raised in a new trial motion after the decree was entered, and none qualifies as newly-discovered evidence that, with the exercise of due diligence, could not have been discovered for use at trial or in a timely motion for new trial.

November order because trial court had addressed all substantive issues in its September order); *see also Reidy v. O'Malley Lumber Co.*, 92 Ariz. 130, 136, 374 P.2d 882, 886 (1962) ("An order made after judgment is not appealable if the appeal presents the same question as would be presented on an appeal from the judgment.").

¶8          Wife's motion for reconsideration, filed four weeks after the decree's entry, underscores the fact that she could have raised her arguments earlier. That motion substantially duplicates the Rule 85(C) claims, asserting that: (1) Husband fraudulently assessed the value of the community-owned residences; (2) Husband falsely represented that he had used condemnation proceeds, not community funds, to purchase the Parcel; (3) the decree did not allocate child support arrearages; and (4) the court should reallocate debts using information Wife failed to present at trial, purportedly due to time constraints and her inability to cross-examine Husband.

¶9          Both parties request attorneys' fees incurred on appeal pursuant to A.R.S. § 25-324(A), which authorizes an award of fees and costs "after considering the financial resources of both parties and the reasonableness of the positions each party has taken throughout the proceedings." Wife does not argue she is entitled to an award based on disparity in the parties' financial resources, and Husband relies on Wife's earning history. But even if Wife currently has fewer financial resources than Husband, Wife's appeal improperly attempts to raise issues that are no longer viable. In the exercise of our discretion, we award Husband his appellate costs and a reasonable sum of attorneys' fees incurred on appeal pursuant to A.R.S. § 25-324(A), contingent on compliance with ARCAP 21. We deny Wife's request for fees and costs.

## CONCLUSION

¶10        For the reasons stated, we dismiss this appeal.



Ruth A. Willingham · Clerk of the Court
FILED: MJT