IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

IN RE THE MARRIAGE OF:

FRANCENE LAVERNE VINCENT,
*Petitioner/Appellee,*

*v.*

PATRICK JUDE SHANOVICH,
*Respondent/Appellant.*

No. CV-17-0175-PR
Filed December 6, 2017

Appeal from the Superior Court in Maricopa County
The Honorable Stephen M. Hopkins, Judge
No. DR2000-095278

Memorandum Decision of the Court of Appeals, Division One
1 CA-CV 16-0431 FC
Filed Mar. 30, 2017
**VACATED AND REMANDED**

**COUNSEL:**

James S. Osborn Popp (argued), Popp Law Firm, P.L.C., Tempe, Attorney for Francene Laverne Vincent

Daniel S. Riley (argued), The Harrian Law Firm, Glendale, Attorney for Patrick Jude Shanovich

_____

JUSTICE TIMMER authored the opinion of the Court, in which CHIEF JUSTICE BALES, VICE CHIEF JUSTICE PELANDER, and JUSTICES BRUTINEL, BOLICK, GOULD, and LOPEZ joined.

_____

JUSTICE TIMMER, opinion of the Court:

¶1 Rule 85(A) of the Arizona Rules of Family Law Procedure authorizes the family court to correct a clerical error in a judgment at any time. We hold that an order granting or denying a motion filed pursuant to Rule 85(A) is a "special order made after final judgment" under A.R.S. § 12-2101(A)(2), which confers jurisdiction on the court of appeals to decide whether the ruling was correct.

## BACKGROUND

¶2 Francene Laverne Vincent and Patrick Jude Shanovich divorced in 2002. During the marriage, Shanovich worked for the City of Mesa and contributed to the Arizona State Retirement System ("ASRS"). The dissolution decree awarded Vincent "a one-half (1/2) portion of [Shanovich's] retirement including employer contribution and accrued interest as of the date of filing the Petition for Dissolution," to be reflected in "a Qualified Domestic Relations Order [("QDRO")] stating such provisions."

¶3 The parties stipulated to entry of a QDRO in 2004. But the QDRO did not tie the calculation of Vincent's retirement benefits to the petition filing date, August 25, 2000, as required by the decree. Instead, it provided that "[Vincent] is awarded 50% of [Shanovich's] annuity, payable at the time and in the manner payments are made to the member pursuant to the retirement benefit elected." Conversely, the QDRO stated that if Shanovich withdrew from ASRS or died before retirement, Vincent would receive 50% of the account balance or death benefit "as of August 25, 2000" plus interest. Neither party appealed.

¶4 Shanovich discovered the discrepancy between the decree and the QDRO as he prepared to retire from the City in 2015. He learned from ASRS that the QDRO entitled Vincent to one-half of his total pension upon retirement rather than one-half of his pension earned as of August 25, 2000, as set forth in the decree.

¶5          Pursuant to Rule 85(A), which empowers a family court to correct clerical errors "at any time" after judgment is entered, Shanovich moved to replace the QDRO with one that complies with the decree. The court denied the motion, reasoning that the decree and QDRO were "clear and unambiguous" and because no appeal had been taken, the court could not "consider extrinsic evidence regarding claims of clerical error." Shanovich timely appealed.

¶6          The court of appeals dismissed Shanovich's appeal for lack of jurisdiction. *Vincent v. Shanovich*, 1 CA-CV 16-0431, 2017 WL 1174317, at *1 ¶ 1 (Ariz. App. Mar. 30, 2017) (mem. decision). It reasoned that Shanovich's motion "attacked the merits of the QDRO and thus failed to assert any issues that could not have been raised in a timely appeal" from the QDRO. Id. at *2 ¶ 8. We accepted review to clarify the court of appeals' jurisdiction over Rule 85(A) rulings. We have jurisdiction pursuant to article 6, section 5(3), of the Arizona Constitution and A.R.S. § 12-120.24.

## DISCUSSION

### I.

¶7          Absent a pertinent provision in the Arizona Constitution, appellate jurisdiction is governed entirely by statute. *Musa v. Adrian*, 130 Ariz. 311, 312 (1981). Whether the court of appeals correctly dismissed Shanovich's appeal for lack of jurisdiction is a legal issue we review de novo. *See Bilke v. State*, 206 Ariz. 462, 464 ¶ 10 (2003).

### II.

### A.

¶8          Before deciding whether the court of appeals has jurisdiction over the family court's order here, it is useful to distinguish between clerical errors and judgmental errors. A clerical error occurs when the written judgment fails to accurately set forth the court's decision. *See Ace Auto. Prods., Inc. v. Van Duyne*, 156 Ariz. 140, 142–43 (App. 1987) (addressing Ariz. R. Civ. P. 60(a), the civil counterpart to Rule 85(A)). The error is inadvertent and may be a misstatement or an omission. *See* Ariz. R. Fam. Law P. 85(A) (describing clerical mistakes as those "arising from oversight or omission"). A judgmental error occurs when the court's decision is accurately set forth but is legally incorrect. *See Egan-Ryan Mech. Co. v. Cardon Meadows Dev. Corp.*, 169 Ariz. 161, 166 (App. 1990); *Ace Auto. Prods.*, 156 Ariz. at 142–43. The family court can correct clerical errors at "any time" pursuant to Rule 85(A). But the court may correct judgmental errors only within limited time

frames under Rules 83 (new trial/amended judgment), 84 (reconsideration/clarification), and 85(C) (mistake, etc.). When clerical error is asserted, the family court should examine the record to determine whether the judgment accurately recorded the court's intent. If not, the judgment should be corrected. *See* Ariz. R. Fam. Law P. 85(A).

B.

**¶9**　　　　The court of appeals has jurisdiction pursuant to A.R.S. § 12-2101(A)(2) if the family court's order denying Shanovich's Rule 85(A) motion is a "special order made after final judgment." An order falls within this provision if two requirements are met. First, the issues raised on appeal from the order must be different from those that could have been raised on appeal from the underlying judgment. *See Reidy v. O'Malley Lumber Co.*, 92 Ariz. 130, 136 (1962); *Arvizu v. Fernandez*, 183 Ariz. 224, 226–27 (App. 1995). "This requirement prevents a delayed appeal from the judgment, and also prevents multiple appeals raising the same issues." *Arvizu*, 183 Ariz. at 227. Second, to avoid "innumerable appeals of anything denominated an 'order,'" the order must either affect the judgment or relate to its enforcement. *Id.* ("[A]n order that is merely 'preparatory' to a later proceeding that might affect the judgment or its enforcement is not appealable.").

**¶10**　　　　The family court's order satisfies both requirements. The issue raised on appeal from the family court's order — whether the QDRO contains a clerical error warranting correction — could not have been raised in a prior, timely appeal. Instead, whether the QDRO has a clerical error first had to be raised and decided by the family court. *See* Ariz. R. Civ. App. P. 13(a)(7)(B) (requiring appellant's opening brief to specify where in the record "the particular issue was raised and ruled on"); *Crowe v. Hickman's Egg Ranch, Inc.*, 202 Ariz. 113, 116 ¶ 16 (App. 2002) (stating that the failure to raise an issue to the superior court waives the argument on appeal). That did not occur until Shanovich filed a motion under Rule 85(A). Thus, we are not confronted with a delayed or successive appeal, which *Reidy* and its progeny sought to avoid. *See Reidy*, 92 Ariz. at 136; *Arvizu*, 183 Ariz. at 227.

**¶11**　　　　The family court's order also affects the QDRO and its enforcement. *See Arvizu*, 183 Ariz. at 227. Absent correction of the QDRO, it will be used to provide Vincent with a share of Shanovich's pension benefits that apparently conflicts with the family court's intent as expressed in the dissolution decree.

**¶12**      The court of appeals misperceived the correct jurisdictional inquiry. Specifically, it reasoned that its jurisdiction turned on whether Shanovich's motion sought to correct a clerical error or a judgmental error. *See Vincent*, 1 CA-CV 16-0431, 2017 WL 1174317 at *2 ¶¶ 8, 10. Because the court determined that Shanovich raised the latter challenge, which could have been asserted in a prior appeal, it dismissed the appeal for lack of jurisdiction. *Id.* Consequently, the court confusingly decided the merits of the Rule 85(A) motion in concluding it lacked jurisdiction to decide its merits. *Id.* at *2 ¶ 10 ("[A]lthough [Shanovich's] motion to set aside was couched in terms of 'clerical mistake' . . . the motion essentially challenged the merits of the QDRO . . . .[And so] we lack jurisdiction to consider his appeal . . . ."). Because rulings on Rule 85(A) motions are special orders after judgment under § 12-2101(A)(2), the court of appeals has jurisdiction to decide a timely appeal from the family court's denial of a Rule 85(A) motion to correct a clerical error. The court of appeals should determine whether the family court erred in finding the error was judgmental and not clerical. If the court of appeals concludes that clerical error exists, it should reverse and remand for the family court to correct the error. If it concludes that the error asserted is judgmental, it should affirm the denial of the Rule 85(A) motion.

## III.

**¶13**      The only issue before this Court is whether the court of appeals has jurisdiction to decide whether the family court correctly denied Shanovich's Rule 85(A) motion. We hold it does and, at Shanovich's request, we remand to the court of appeals to address the merits of the appeal. In doing so, the court should consider whether the QDRO accurately reflects the family court's intent expressed in the dissolution decree to award Vincent a one-half portion of Shanovich's retirement "as of the date of filing the Petition for Dissolution." The court is not bound on remand by conclusions reached in its first decision.

## CONCLUSION

**¶14**      We vacate the court of appeals' decision and remand for consideration of the appeal. We deny Vincent's request for attorney fees.