NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

KARLYN JAYE BLASER, *Plaintiff/Appellant*,

*v.*

KENDALL C. KAISER, *Defendant/Appellee*.

No. 1 CA-CV 17-0453
FILED 6-28-2018

Appeal from the Superior Court in Maricopa County
No.  CV2014-095114
The Honorable David King Udall, Judge

**DISMISSED IN PART; AFFIRMED IN PART**

COUNSEL

Blaser Consulting, Tucson
By William B. Blaser
*Counsel for Plaintiff/Appellant*

Jennings, Strouss & Salmon, P.L.C., Phoenix
By Matthew L. Cates, John J. Egbert
*Counsel for Defendant/Appellee*

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Michael J. Brown and Judge Jon W. Thompson joined.

**J O N E S**, Judge:

¶1        Karlyn Blaser appeals from judgment entered on a jury verdict in favor of Kendall Kaiser and the trial court's order denying her motion for new trial. She also appeals a post-judgment order requiring her to obtain and pay for trial transcripts and denying her motion for reconsideration. For the following reasons, we dismiss the portions of the appeal related to the transcripts and motion for reconsideration, and affirm the remaining orders.

## FACTS AND PROCEDURAL HISTORY

¶2        In October 2012, Kaiser rear-ended a vehicle driven by Blaser on a Phoenix-area freeway. Two years later, Blaser filed a complaint alleging Kaiser's negligence caused her personal injury.[1] In his answer, Kaiser admitted "fault for causing this accident" but denied causation and damages. After a four-day trial, the jury found in Kaiser's favor. Blaser moved unsuccessfully for a new trial and then timely appealed the judgment and the order denying the motion for new trial.

¶3        Thereafter, Blaser provided notice that she had ordered certain transcripts necessary for her appeal. Kaiser designated additional transcripts he believed were necessary to resolve the issues on appeal. Over Blaser's objection, the trial court ordered her to obtain and pay for the additional transcripts Kaiser designated and then denied Blaser's motion for reconsideration. Blaser submitted an amended notice of appeal from the post-judgment transcript orders. Blaser ultimately filed only one transcript of a February 2017 pretrial conference.

## JURISDICTION

¶4        "This court has an independent duty to examine whether we have jurisdiction over matters on appeal." *Camasura v. Camasura*, 238 Ariz. 179, 181, ¶ 5 (App. 2015) (citing *Sorensen v. Farmers Ins. Co. of Ariz.*, 191 Ariz. 464, 465 (App. 1997)). We have jurisdiction over the appeal from the final judgment and denial of the motion for new trial pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1),[2] -2101(A)(1), and (A)(5)(a).

---

[1]        Blaser also alleged other forms of damages but voluntarily dismissed those claims prior to trial.

[2]        Absent material changes from the relevant date, we cite a statute's current version.

¶5        Blaser suggests the transcript orders qualify as special orders after a final judgment, appealable pursuant to A.R.S. § 12-2101(A)(2). To qualify as such, the orders must: (1) raise an issue "different from those that could have been raised on appeal from the underlying judgment," and (2) "either affect the judgment or relate to its enforcement." *Vincent v. Shanovich*, 243 Ariz. 269, 271, ¶ 9 (2017) (citing *Reidy v. O'Malley Lumber Co.*, 92 Ariz. 130, 136 (1962), and *Arvizu v. Fernandez*, 183 Ariz. 224, 226-27 (App. 1995)). The transcript orders do not affect the judgment, relate to its execution, or stay its enforcement, and their appeal is not otherwise authorized by statute. Accordingly, we lack jurisdiction to review the transcript orders and dismiss the appeal to the extent Blaser challenges them.

## DISCUSSION

¶6        Blaser argues the trial court erred by: (1) denying her request to deem causation and damages admitted; (2) denying her motion for a trial continuance and request for late disclosure; (3) denying her motion to prevent Kaiser's independent medical examiner from testifying about matters outside his expertise; (4) allowing Kaiser to impeach Blaser's credibility with evidence of two subsequent car accidents; (5) denying her motion for mistrial based upon admission of subsequent-accident evidence; and (6) denying her motion for new trial. We review rulings on evidentiary and discovery issues, the denial of a motion to continue, and the denial of a motion for mistrial for an abuse of discretion resulting in unfair prejudice. *Larsen v. Decker*, 196 Ariz. 239, 241, ¶ 6 (App. 2000) (evidentiary rulings) (citing *Gemstar Ltd. v. Ernst & Young*, 185 Ariz. 493, 506 (1996)); *Marquez v. Ortega*, 231 Ariz. 437, 441, ¶ 14 (App. 2013) (discovery rulings); *Sandretto v. Payson Healthcare Mgmt., Inc.*, 234 Ariz. 351, 361, ¶ 38 (App. 2014) (motion to continue) (citing *Alberta Sec. Comm'n v. Ryckman*, 200 Ariz. 540, 543, ¶ 11 (App. 2001)); *Cervantes v. Rijlaarsdam*, 190 Ariz. 396, 398 (App. 1997) (motion for mistrial) (citing *E.L. Jones Constr. Co. v. Noland*, 105 Ariz. 446, 452 (1970)). We review legal questions *de novo*. *McNamara v. Citizens Protecting Tax Payers*, 236 Ariz. 192, 194, ¶ 5 (App. 2014) (citing *Lincoln v. Holt*, 215 Ariz. 21, 23, ¶ 4 (App. 2007)).

## I.        Admission to "Fault"

¶7        Blaser first argues the trial court erred by denying her request to deem a statement in Kaiser's answer and deposition testimony admitting "fault for causing this accident" as a judicial admission to the elements of duty, breach, causation, and damages necessary to her negligence claim.

Blaser argues by denying her request, the court adopted a definition of fault different from that prescribed by Arizona law. We disagree.

¶8        A judicial admission is:

> an express waiver made in court or preparatory to trial by the party or his attorney conceding for the purposes of the trial the truth of some *alleged fact*, and has the effect of a confessory pleading, in that the fact is therefore to be taken for granted; so that the one party need offer no evidence to prove it and the other is not allowed to disprove it.

*Clark Equip. Co. v. Ariz. Prop. & Cas. Ins. Guar. Fund*, 189 Ariz. 433, 439 (App. 1997) (quoting IX John H. Wigmore, *Evidence* § 2588 (1981)) (emphasis added). We do not construe Kaiser's statements as a concession of liability for negligence. Rather, Kaiser admitted only the facts of the accident as alleged by Blaser — specifically, that he rear-ended Blaser's vehicle with his own while traveling on the highway. He then denied the remaining allegations in Blaser's complaint. Kaiser did not, through these statements, admit that he fell below the standard of care or that the collision caused Blaser any damages; indeed, in a joint report, Blaser acknowledged that Kaiser "admitted his fault for causing the collision but denie[d] causation and damages." Accordingly, we find no error.

## II.    Motion to Continue

¶9        Blaser argues the trial court erred in denying a motion to continue the trial on the ground that she would need additional time to conduct discovery if the court were to deny her motion to deem Kaiser's answer and deposition testimony an admission to liability. The record reflects, however, that Kaiser made the statements in question in March and May 2015. Blaser then waited until December 2016 to file a motion to deem the statements as admissions to liability and, although aware that motion could be unsuccessful, waited until March 2017 to file a motion to continue. Blaser offered no explanation for the delays, and her claim of surprise is belied by her concession that she moved for a continuance anticipating that her motion to deem Kaiser's statements as admissions would be denied.[3]

---

[3]    For the same reasons, we find no error in the denial of Blaser's March 2017 request for late disclosure, which she describes as a "last ditch effort to try to re-level the playing field" and obtain admissible evidence of damages after the court declined to deem Kaiser's statements as admissions to liability.

On this record, we cannot say the court abused its discretion in concluding Blaser failed to establish good cause for a continuance.

## III.   Expert Witness Testimony

**¶10**        Blaser argues the trial court erred in allowing Kaiser's expert witness to testify regarding matters outside his expertise. *See generally* Ariz. R. Evid. 702 (setting forth the permissible form and substance of expert witness testimony). But as the appellant, Blaser bears the burden to ensure the record on appeal contains the transcripts necessary to consider the issues raised. *See* ARCAP 11(c)(1)(A). Blaser did not submit any trial transcripts and argues these materials are unnecessary to resolve her appeal. However, in the absence of a transcript of the expert's testimony, we do not know the nature or extent of what was said at trial. Accordingly, we must presume the transcript would support the court's exercise of discretion, *see Renner v. Kehl*, 150 Ariz. 94, 97 n.1 (1986) (citing *Visco v. Universal Refuse Removal Co.*, 11 Ariz. App. 73, 76 (1969), and *Auman v. Auman*, 134 Ariz. 40, 42-43 (1982)), and find no error.

## IV.   Subsequent Accidents

**¶11**        Blaser argues the trial court erred by allowing Kaiser to impeach her credibility with limited evidence concerning her involvement in two subsequent motor vehicle accidents and then permitting Kaiser to exceed the limitations of its ruling. Because Blaser did not include transcripts of the trial proceedings evidencing admission of prejudicial evidence over Blaser's objections, we again presume the transcripts support the court's exercise of discretion and find no error. *See supra* ¶ 9.

## V.   Motion for Mistrial

**¶12**        Blaser argues the trial court erred by denying her motions for mistrial based upon the purported improper admission of subsequent-accident evidence. Because we find no error in the admission of the evidence, *see supra* ¶ 10, we cannot say the court abused its discretion in denying a mistrial on this basis.

## VI.   Motion for New Trial

**¶13**        Blaser argues the trial court erred by denying her motion for new trial on the grounds that the errors noted herein collectively deprived her of a fair trial. As far as the limited record reveals, Blaser was afforded notice and a meaningful opportunity at trial to offer evidence, confront adverse witnesses, and present argument in support of her claims. *See*

*Curtis v. Richardson*, 212 Ariz. 308, 312, ¶ 16 (App. 2006) ("Due process entitles a party to notice and an opportunity to be heard at a meaningful time in a meaningful manner. Due process also entitles a party to offer evidence and confront adverse witnesses.") (citing *Comeau v. Ariz. State Bd. of Dental Exam'rs*, 196 Ariz. 102, 106-07, ¶ 20 (App. 1999), and *In re Levine*, 97 Ariz. 88, 91-92 (1964)). Accordingly, Blaser failed to prove any error in the trial proceedings, and we find no abuse of discretion.

## CONCLUSION

**¶14**        The judgment entered upon the jury verdict and order denying the motion for new trial are affirmed. The portions of the appeal related to the transcripts and motion for reconsideration are dismissed. As the successful party, Kaiser is awarded his costs incurred on appeal upon compliance with ARCAP 21(b).



AMY M. WOOD • Clerk of the Court
FILED:   AA