[Civil No. 1766.   Filed March 22, 1920.]

[188 Pac. 260.]

In the Matter of the Application of WILLIAM V.
SCOTT for a Writ of Habeas Corpus. MAUDE
SCOTT, ·Appellant, v. GEORGIA S. FORBES,
Appellee.

1. APPEAL AND ERROR—TRANSCRIPT OF EVIDENCE NOT FILED WITHIN
   SIXTY DAYS NOT IN THE RECORD.—Where the transcript of the evi-
   dence is not filed within sixty days after entry of judgment or
   order denying motion for a new trial, as required by Civil Code
   of 1913, paragraph 603, the evidence is not a part of the record,
   and assignments of error based wholly on the testimony cannot be
   considered; the record not showing any stipulation of counsel nor
   order of court allowing additional time.

2. HABEAS CORPUS—ERROR MUST AFFIRMATIVELY APPEAR.—The court
   on appeal in *habeas corpus*, which is a law proceeding, cannot'
   presume error, and a judgment will be reversed only on an affirma-
   tive showing of error.

APPEAL from a judgment of the Superior Court
of the County of Pima.   Samuel L. Pattee, Judge.
Affirmed.

Mr. A. A. Worsley and Mr. John N. Hill, for
Appellant.

Messrs. Wright & Darnell, for Appellee.

BAKER, J.—This is an appeal from a judgment
of the superior court of Pima county in *habeas corpus*
proceedings awarding the custody of William V.
Scott, a minor of the age of thirteen years, to the
appellee, Georgia S. Forbes. The testimony adduced
at the hearing is not before us in a legal sense.
Paragraph 603, Civil Code of 1913, requires that the
statement of facts, or bill of exceptions, or the tran-
script of the testimony as taken by the official court
reporter, must be filed within sixty days after the

entry of the judgment or order denying a motion for a new trial, etc., or within such additional or less time as may be stipulated between the parties, or within such additional time as may be allowed by the court or judge.

The judgment appealed from in the case at bar was made and entered on May 5, 1919. The transcript of the testimony as taken by the official court reporter was not filed until August 5, 1919. The record does not show any stipulation of counsel, nor order of court, allowing additional time, nor any time beyond the statutory sixty days, in which to file the transcript of the testimony. In this situation of the case, the evidence is not a part of the record, and we are without any means whatever to determine the correctness of the assignments of error, based, as they are, wholly upon the testimony. *Daze et al.* v. *Ketchum,* 18 Ariz. 31, 155 Pac. 964; *Piper* v. *Taylor,* 17 Ariz. 351, 152 Pac. 863. The qualified approval by the judge of the purported transcript of the testimony was ineffectual to impart any vitality or validity to the paper. How can we say the court erred, without the facts or the means of knowing them? We cannot presume error. It is a law proceeding, and we adjudge error only on an affirmative showing.

We have carefully reviewed the pleadings and the judgment, but we have not been able to discover any error in the proceedings, and therefore the judgment must be affirmed; and it is so ordered.

CUNNINGHAM, C. J., and ROSS, J., concur.