[Civil No. 4211. Filed March 11, 1940.]

[100 Pac. (2d) 180.]

DAVID A. PRIMROCK, Doing Business as ARIZONA FURNITURE COMPANY, Appellant, v. DAVID E. WILSON, Appellee.

Mr. E. H. Karz and Mr. Jacob Morgan, for Appellant.

Mr. Allan K. Perry, for Appellee.

LOCKWOOD, J.—This is an appeal by David A. Primrock, doing business as Arizona Furniture Company, hereinafter called garnisher, from a judgment in favor of David E. Wilson, hereinafter called garnishee. The record shows the following facts:

The garnisher brought suit against The Ohio Foundry & Manufacturing Company, a corporation, hereinafter called the company, and on March 30, 1939, filed his affidavit in garnishment alleging that the garnishee was indebted to the company and had effects in his hands belonging to it, including judgments, personal property, equipment and money.

A writ of garnishment was issued on March 30th, and served upon garnishee, who on April 3d made answer:

" . . . that he is not now and was not indebted to the defendant, The Ohio Foundry & Manufacturing Company, a corporation, in any sum whatsoever upon the date said writ was served; that he does not now have in his possession, and did not have when said writ was served upon him, any effects of the said defendant;

that he does not know of any other persons who have effects belonging to the said defendant or who are indebted to the said defendant, except that The Ohio Foundry & Manufacturing Company has a judgment in the sum of Eight Hundred Eighty-one and 1/100 Dollars ($881.01) against David A. Primrock and Alfred O. Primrock, bearing date of the 24th day of January, 1939.''

Thereafter, and on April 5, 1939, the garnisher filed an amended affidavit on garnishment, which was served upon the garnishee on April 7th, to which a similar answer was made, except that all reference to the judgment mentioned in the first answer was omitted. The garnisher thereafter filed controverting answers to the answers of the garnishee, and on April 19th tendered issue upon them. The latter, answering the tender of issue, alleged that the tender did not state facts sufficient to constitute a tender of issue, and denied all the essential allegations of the tender except certain formal ones which we need not discuss.

At the trial on the tender three exhibits were offered in evidence, and one witness was sworn and testified. After considering the matter, the court entered judgment in favor of the garnishee, and this appeal was taken.

There are some seven assignments of error, the first two of which are clearly insufficient. The others, however, in substance allege that the evidence does not support the judgment, and we must, therefore, consider this question, and this alone.

It appears from the record that the judgment appealed from was rendered June 1, 1939. No motion for new trial was made nor was there ever any order or stipulation extending the time for the filing of the reporter's transcript of the evidence. This transcript was filed on November 20, 1939. Section 3864, Revised Code 1928, says:

*"Time for filing reporter's transcript, etc. Within sixty days after the entry of judgment,* or of an order denying a motion for a new trial, or granting or denying a motion in arrest of or to set aside a judgment, or within such additional time as may be stipulated between the parties, or allowed by the court by an order in the action, either party may file with the clerk of the court a statement of facts or a transcript of the court reporter's notes. . . . " (Italics ours.)

 It is obvious that the reporter's transcript was not filed until long after the expiration of the time permitted by the section. This section, in substance, has been a part of our law for nearly forty years and we have construed it repeatedly. In the case of *In re Scott,* 21 Ariz. 332, 188 Pac. 260, we said:

" . . . The record does not show any stipulation of counsel, nor order of court, allowing additional time, nor any time beyond the statutory 60 days, in which to file the transcript of the testimony. In this situation of the case, the evidence is not a part of the record, and we are without any means whatever to determine the correctness of the assignments of error, based, as they are, wholly upon the testimony. [Citing cases]. The qualified approval by the judge of the purported transcript of the testimony was ineffectual to impart any vitality or validity to the paper. How can we say the court erred, without the facts or the means of knowing them? We cannot presume error. It is a law proceeding, and we adjudge error only on an affirmative showing."

—and we have followed this rule consistently ever since. The reporter's transcript, therefore, is not a part of the record in this case, and cannot be considered by us. Nor does the stipulation that it is correct affect the situation. In the first place, the parties cannot, by stipulation, make anything a part of the record which the law does not permit to become such. In the second place, the stipulation does not waive the failure to file in time, but merely admits the cor-

rectness of the testimony. This is not sufficient to take it out of our long standing rule. We are then in the position to which we refer in the case of *Ensign* v. *Koyk,* 31 Ariz. 1, 250 Pac. 246, 247. Therein we said:

" . . . We think, before we would be justified in setting aside the court's findings and judgment for want of evidence to support them, we should be furnished, in legal and authentic form, all of the evidence submitted to and considered by the court in arriving at its conclusions. If all the evidence is not before us, we will presume that it was sufficient to support the findings and the judgment. This has been the rule in this jurisdiction, and we think it is the rule generally. *Wooster* v. *Scorse,* 16 Ariz. 11, 140 Pac. 819."

—and we have followed this rule consistently.

Such being the case, we must presume there was evidence in the record sufficient to sustain the conclusions of the trial court, and its judgment is, therefore, affirmed.

ROSS, C. J., and McALISTER, J., concur.