653 P.2d 688

**Dean Rex AUMAN, Plaintiff-Appellant,**

v.

**Margaret Beverly AUMAN,
Defendant-Appellee.**

No. 15845.

Supreme Court of Arizona,
In Division.

Oct. 22, 1982.

Allen & Standage by Gove L. Allen, Mesa, for plaintiff-appellant.

David M. Berman, Phoenix, for defendant-appellee.

GORDON, Vice Chief Justice:

This is an appeal from summary judgment granted by the trial court in favor of wife, appellee, in a case brought by husband, appellant, to declare a 1973 divorce decree void for lack of jurisdiction. Husband also appeals the trial court's entry of summary judgment on wife's counterclaim for taxes and insurance attributable to husband's share of the joint property paid by the wife. Judgment was also granted for wife after trial on her counterclaim for malicious prosecution which is also the subject of husband's appeal. We assume jurisdiction over this matter pursuant to Ariz. Const. Art. 6, § 5(3) and Rule 19(e), Arizona Rules of Civil Appellate Procedure. We affirm the order of the trial court and hold attorney's fees awardable on appeal under A.R.S. § 12–341.01.

## FACTS

In February, 1980 appellant, Dean Rex Auman, filed a complaint seeking to overturn that portion of an earlier decree of dissolution dealing with real property. The decree of dissolution, entered in November, 1973, held in part that:

(1) The residence of the parties "is held by the parties as joint tenants with the right of survivorship."

(2) The appellee "shall have the exclusive use and occupancy of the real property * * until she gives up possession thereof, at which time said property shall be listed for sale, sold, and the net proceeds thereof shall be divided equally between plaintiff-wife and defendant-husband."

In November, 1973, appellant filed a motion for new trial and motion to alter or amend stating that the trial court did not have the authority under A.R.S. § 25–318 to dispose of the joint tenancy property as it had in the dissolution decree. The appellant requested that the trial court order the real property partitioned or in the alternative order the property sold and the proceeds divided equally between the parties. The motion was denied and no appeal was filed.

Four years later, in October, 1977, appellant filed a motion to set aside the part of the decree of dissolution which was the subject of the November, 1973 motion. This motion was denied and no appeal was made.

In July, 1978, appellant filed a new cause of action requesting the very same relief as had been asked for in the 1973 motion for new trial and the 1977 motion to set aside. The action was dismissed with prejudice on appellee's motion for summary judgment and again no appeal was taken. Thus, the subject matter of the present case has been the basis of two post-judgment motions and a complaint which was dismissed with prejudice.

The instant case is another attempt to relitigate the identical issue raised in the prior post-judgment motions and the 1978 complaint.

Appellee responded to appellant's complaint in the present case by raising the affirmative defense of res judicata. She counterclaimed asking for damages of $1,880.18 which sum represented appellee's one-half share of the real property taxes and insurance premiums which he had been ordered to pay pursuant to the divorce decree. Count two of the counterclaim set forth a cause of action of malicious prosecution. The trial court granted summary judgment for appellee on appellant's complaint, awarded the property taxes and insurance premiums past due, and allowed for $500 in attorney's fees pursuant to A.R.S. § 12–341.01(C). After trial, the court found for appellee on her claim of malicious prosecution and awarded compensatory damages of $2,500, punitive damages of $7,500 and additional attorney's fees of $1,500 under A.R.S. § 12–341.01(C).

### Void Judgment

On appeal appellant argues that the trial court went beyond its "jurisdiction" in awarding appellee "exclusive use and occupancy" of the jointly owned property. Appellant states that as a result of this, the judgment is void and does not have a res judicata effect.

Under Arizona law, for a trial court to have subject matter jurisdiction over an action for dissolution at least one of the spouses must be a domiciliary of Arizona. *Brandt v. Brandt,* 76 Ariz. 154, 261 P.2d 978 (1953). Once the trial court has jurisdiction over the divorce and personal jurisdiction over both parties to the dissolution, it has the authority to determine all questions concerning the divorce, including property rights. A.R.S. §§ 25–311, 318. In the instant action the trial court had jurisdiction over the divorce action because it was uncontested that both appellant and appellee were domiciled in Maricopa County at the time the 1973 action was brought. Therefore, the trial court had both personal and subject matter jurisdiction and appellant's argument to the contrary is erroneous.

Appellant's argument may be interpreted as alleging that the trial court did not have the "authority" to dispose of the real property as it did and therefore the judgment is void. As this court recently discussed in *Cockerham v. Zikratch,* 127 Ariz. 230, 619 P.2d 739 (1980), the term "void" is often misused. While it may have been erroneous under the law applicable at the time the judgment was rendered for the trial court to award the property to appellee, such a judgment is not necessarily void. Void judgments are those rendered by a court which lacked jurisdiction, either of the subject matter or the parties. *Cockerham v. Zikratch, supra.* Erroneous judgments, on the other hand, are those which have been issued by a court with jurisdiction but are subject to reversal on timely appeal. *Id.* As previously discussed, the trial court in the instant action had jurisdiction over both the subject matter and the parties. Thus, appellant should have pursued his position by timely direct appeal. His present attempt to relitigate the judgment of the trial court is barred by the res judicata effect of the original divorce decree. *Fraternal Order of Police v. Superior Court,* 122 Ariz. 563, 596 P.2d 701 (1979); *Taylor v. Betts,* 59 Ariz. 172, 124 P.2d 764 (1942).

### Damages and Attorney's Fees

The trial court awarded appellee $2,500 in compensatory and $7,500 in punitive damages on her counterclaim for malicious prosecution. Appellant claims that the evidence that was before the trial court does not justify those awards. The amount of punitive damages is left to the discretion of the trier of fact and will not be disturbed unless it is so unreasonable in regard to the circumstances of the case as to show the influence of passion or prejudice. *Nielson v. Flashberg,* 101 Ariz. 335, 419 P.2d 514 (1966). Although the trial transcript is in the file of this Court, it was not timely filed and therefore was not available for appellee's use prior to the time her answering brief was due. Thus, the transcript is not part of the record for purposes of this appeal. *Primock v. Wilson,* 55 Ariz. 192, 100 P.2d 180 (1940). In the absence of a record,

we must presume that the evidence was sufficient to support the findings and judgment of the trial court, concerning both compensatory and punitive damages. *Bryant v. Thunderbird Academy,* 103 Ariz. 247, 439 P.2d 818 (1968); *Gamburg v. Cooper,* 131 Ariz. 545, 642 P.2d 890 (App.1982). Therefore, we uphold the amount of compensatory and punitive damages awarded by the trial court.

Attorney's fees were also awarded by the trial court pursuant to A.R.S. § 12–341.01(C) which states:

"C. Reasonable attorney's fees *shall* be awarded by the court in any contested action *upon clear and convincing evidence that the claim or defense constitutes harassment, is groundless and not made in good faith.* In making such award, the court may consider such evidence as it deems appropriate and shall receive this evidence during trial on the merits of the cause, or separately, regarding the amount of such fees as it deems in the best interest of the litigating parties." (Emphasis added.)

The trial court made the following findings:

"4. That the suit brought in this case by plaintiff's fourth counsel did *lack probable cause* of being terminated successfully and he was so advised by counsel.

"5. That the suit was *brought for the malicious intent of injuring defendant.*

"6. That plaintiff's complaint was terminated unsuccessfully against plaintiff and in favor of defendant.

\* \* \* \* \* \*

"9. That plaintiff's actions here were *groundless, not made in good faith and both the claim made by plaintiff and defenses urged to defendant's counterclaim were done for the purpose of harassment.*" (Emphasis added.)

All of the elements required for the awarding of attorney's fees under A.R.S. § 12–341.01(C) were found present by the trial

court. Therefore, under the facts of this case [1] we find that the trial court properly awarded appellee attorney's fees under A.R.S. § 12–341.01(C). Upon proper application under Rule 21, Arizona Rules of Civil Appellate Procedure, attorney's fees may be awarded for purposes of this appeal. *Wenk v. Horizon Moving & Storage Co.,* 131 Ariz. 131, 639 P.2d 321 (1982).

The judgment of the trial court is affirmed.

FELDMAN, J., and MELVYN T. SHELLEY, Superior Court Judge, concur.

Note: The Honorable MELVYN T. SHELLEY, Presiding Judge of the Superior Court of Navajo County was assigned to assist this Court in the disposition of this matter.

---

1. We note that this case does not involve the situation where an attorney incorrectly advised his client that an action is meritorious. Nor are we dealing with a case that is brought partially for the purpose of harassment but is also supported by probable cause. In this case appellant was advised by his counsel that the suit filed in 1980 lacked probable cause of being terminated successfully.