NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

CITY OF PHOENIX, a municipal corporation, *Plaintiff/Appellee*,

*v.*

EDWIN CORTES, *Defendant/Appellant*.

No. 1 CA-CV 13-0694

FILED 1-15-2015

Appeal from the Superior Court in Maricopa County
No. CV2013-012336
The Honorable Douglas Gerlach, Judge

**JURISDICTION ACCEPTED; RELIEF DENIED**

COUNSEL

Phoenix City Attorney's Office, Phoenix
By Janis M. Haug
*Counsel for Plaintiff/Appellee*

Edwin Cortes, Phoenix
*Defendant/Appellant*

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Peter B. Swann and Judge Michael J. Brown joined.

**J O N E S**, Judge:

**¶1**　　　　Edwin Cortes appeals from a jury verdict finding him guilty of forcible detainer and awarding the City of Phoenix (City) damages and costs related to the proceeding, as well as the trial court's subsequent denial of his motion for new trial. For the following reasons and in our discretion, we treat Cortes' appeal as a petition for special action, accept jurisdiction, and deny relief.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**　　　　In September 2013, the City filed a complaint for forcible detainer to evict Cortes from its residential facility, alleging Cortes materially breached the lease agreement by verbally harassing City staff and other residents. The City claimed Cortes displayed threatening and aggressive behavior on at least twenty-one occasions during his eighteen-month tenancy. Cortes answered the complaint, denying the allegations and asserting defenses under the Arizona Residential Landlord Tenant Act (ARLTA), Arizona Revised Statutes (A.R.S.) sections 33-1301[1] to -1381, including unconscionability, retaliatory conduct, discrimination, and failure to maintain the premises.

**¶3**　　　　On October 14, 2013, following Cortes' extensive motion practice, a jury found in favor of the City, determining it was "entitled to possession of the rental property," and awarded damages of $334. Cortes filed a notice of appeal the following day. Prior to entry of the signed judgment on November 13, 2013, Cortes also filed multiple post-trial motions.[2] The trial court denied Cortes' post-trial motions in signed minute entry orders entered November 13 and November 27, 2013.

---

[1]　　　　Absent material revisions after the relevant dates, we cite a statute's current version.

[2]　　　　Cortes' post-trial motions are not clearly labeled as such. However, the motions allege improper admission of evidence, sufficiency of evidence to support the verdict, prosecutorial misconduct, and other irregularities typically addressed in a motion for new trial, and the trial court treated at least one of the documents as a timely-filed motion for new trial. Ariz. R. Civ. P. 59(a) (enumerating bases of a motion for new trial). We therefore accept the court's conclusion, and likewise treat the post-trial submissions, collectively, as a motion for new trial. *See* Ariz. R. Civ. P. 8(e) ("No technical

## JURISDICTION

¶4 Although not raised by either party, as a preliminary matter, we have an independent duty to determine whether we have subject matter jurisdiction over the appeal. *Sorensen v. Farmers Ins. Co. of Ariz.*, 191 Ariz. 464, 465, 957 P.2d 1007, 1008 (App. 1997) (citing *Davis v. Cessna Aircraft Corp.*, 168 Ariz. 301, 304, 812 P.2d 1119, 1122 (App. 1991)). Our jurisdiction is generally limited to issues arising from final judgments disposing of all claims and all parties. *Musa v. Adrian*, 130 Ariz. 311, 312, 636 P.2d 89, 90 (1981). A notice of appeal filed prior to entry of a signed final judgment or resolution of a time-extending motion is a nullity. *See Smith v. Ariz. Citizens Clean Elections Comm'n*, 212 Ariz. 407, 415, ¶ 39, 132 P.3d 1187, 1195 (2006).

¶5 Here, Cortes filed his notice of appeal before entry of the final judgment, and before a decision on his time-extending motions. Although the first issue could be remedied, the second cannot. *Compare Barassi v. Matison*, 130 Ariz. 418, 422, 636 P.2d 1200, 1204 (1981) (holding a premature appeal taken from an unsigned minute entry order ruling on post-trial motion need not be dismissed where "no appellee was prejudiced and . . . a subsequent final judgment was entered over which jurisdiction may be exercised"), *with Baumann v. Tuton*, 180 Ariz. 370, 372, 884 P.2d 256, 258 (App. 1994) (concluding appellate court lacked jurisdiction over appeal filed while a motion for new trial was still pending). Accordingly, we lack appellate jurisdiction over this appeal.

¶6 "Although we do not have appellate jurisdiction . . . , it is within our discretion to consider the matter as a special action." *State v. Perez*, 172 Ariz. 290, 292, 836 P.2d 1000, 1002 (App. 1992) (citing *Brown v. State*, 117 Ariz. 476, 477, 573 P.2d 876, 877 (1978)); *see also* A.R.S. § 12–120.21(A)(4) (granting court of appeals jurisdiction to hear special actions "without regard to its appellate jurisdiction"). "Special action jurisdiction is proper when the party has no plain, adequate or speedy remedy by appeal, and justice cannot be obtained by other means." *Luis A. v. Bayham-Lesselyong ex rel. Cnty. of Maricopa*, 197 Ariz. 451, 453, ¶ 2, 4 P.3d 994, 996 (App. 2000) (citing *Nataros v. Superior Court*, 113 Ariz. 498, 499, 557 P.2d 1055, 1056 (1976)). Given the circumstances, Cortes no longer has the ability to obtain a remedy through an appeal. Not wanting to elevate form over

forms of pleading or motions are required."); *Rodriguez v. Williams*, 104 Ariz. 280, 283, 451 P.2d 609, 612 (1969) (looking "to substance rather than to form" in determining intended effect of pleading).

substance, we exercise our discretion to treat this appeal as a petition for special action, accept jurisdiction, but deny relief.[3]

**DISCUSSION**

**¶7**        On appeal, Cortes argues the City failed to provide sufficient evidence to support the jury's verdict, and re-urges his defenses under ARLTA. We do not independently review the jury's finding, but instead will affirm the judgment if, viewing the evidence in the light most favorable to upholding the jury verdict, "any substantial evidence could lead reasonable persons to find the ultimate facts sufficient to support the verdict." *Gonzales v. City of Phx.*, 203 Ariz. 152, 153, ¶ 2, 52 P.3d 184, 185 (2002) (citing *Hutcherson v. City of Phx.*, 192 Ariz. 51, 53, ¶ 13, 961 P.2d 449, 451 (1998)). We also review the denial of post-trial motions for an abuse of discretion, "recognizing that [the trial court] ha[s] significant latitude in deciding whether to upset the [jury's] verdict." *Hutcherson*, 192 Ariz. at 53, ¶ 12, 961 P.2d at 451 (citing *Creamer v. Troiano*, 108 Ariz. 573, 577, 503 P.2d 794, 798 (1972), and *Mammo v. State*, 138 Ariz. 528, 533-34, 675 P.2d 1347, 1352-53 (App. 1983)).

**¶8**        This appeal requires a review of the record to determine whether the jury's verdict was justified by the evidence, or the trial court erred in denying the motion for new trial. As the appellant, Cortes "is responsible for making certain the record on appeal contains all transcripts or other documents necessary for [this Court] to consider the issues raised on appeal." *Baker v. Baker*, 183 Ariz. 70, 73, 900 P.2d 764, 767 (App. 1995); *see also* ARCAP 11(b) (explaining duty of appellant to order certified transcripts). If he fails to do so, we must assume the record would support the jury's verdict and the trial court's conclusions. *See Renner v. Kehl*, 150 Ariz. 94, 97 n.1, 722 P.2d 262, 265 n.1 (1986) ("Without a record we must presume that the trial court properly exercised its discretion and that there was substantial evidence in the complete record to support the findings of the trial court.") (citing *Auman v. Auman*, 134 Ariz. 40, 42-43, 653 P.2d 688,

---

[3]        We note that effective January 15, 2015, because of the adopted rule changes to the Arizona Rules of Civil Appellate Procedure, this situation will no longer defeat our jurisdiction. Under the new Arizona Rule of Civil Appellate Procedure 9, a notice of appeal filed prior to entry of formal judgment will be treated as filed "on the date of, and after the entry of, the judgment," ARCAP 9(c) (2015), and a notice of appeal filed prior to resolution of a time-extending motion will be suspended "until the last such motion is decided." ARCAP 9(e)(2) (2015).

690-91 (1982), and *Visco v. Universal Refuse Removal Co.*, 11 Ariz. App. 73, 76, 462 P.2d 90, 93 (1969)).

**¶9**        We have not been provided any transcripts on appeal. Therefore, we presume that the evidence and testimony presented at trial supported the jury's verdict and rejection of Cortes' defenses. Applying that principle, we simply have nothing in the record before us to indicate the evidence presented was insufficient, the jury's verdict was erroneous or that the denial of Cortes' post-trial motions was inappropriate.

## CONCLUSION

**¶10**      For these reasons, we accept jurisdiction and deny relief.

**¶11**      The City requests an award of attorneys' fees and costs on appeal pursuant to A.R.S. §§ 12-341.01(A) and -1178(A). While A.R.S. § 12-341.01 permits an award of fees in the court's discretion, fees and costs are mandatory under A.R.S. §§ 12-341 and -1178(A). *Compare* A.R.S. § 12-341.01(A) ("In any contested action arising out of a contract . . . the court *may* award the successful party reasonable attorney fees.") (emphasis added), *with* A.R.S. § 12-341 ("The successful party to a civil action *shall* recover from his adversary all costs expended or incurred therein unless otherwise provided by law.") (emphasis added), *and* A.R.S. § 12-1178(A) ("If the defendant is found guilty of forcible entry and detainer or forcible detainer, the court *shall* give judgment for the plaintiff for . . . damages, attorney fees, court and other costs . . . .") (emphasis added). We therefore award the City its reasonable attorneys' fees and costs on appeal upon compliance with ARCAP 21.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama