NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

AMANDA JONES, *Petitioner/Appellee*,

*v.*

JEFFREY BELL, *Respondent/Appellant*.

No. 1 CA-CV 15-0418 FC
FILED 5-12-2016

Appeal from the Superior Court in Maricopa County
No.  FC2014-095821
The Honorable Boyd W. Dunn, Judge Retired

**AFFIRMED**

COUNSEL

Jeffrey Bell, El Paso, TX
*Counsel for Respondent/Appellant*

Larson Law Office PLLC, Mesa
By Robert L. Larson
*Counsel for Petitioner/Appellee*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Lawrence F. Winthrop and Judge Patricia K. Norris joined.

---

**J O N E S**, Judge:

¶1        Jeffrey Bell (Father) appeals the family court's order modifying his child support obligation and awarding Amanda Jones (Mother) attorneys' fees incurred during the proceeding.  For the following reasons, we affirm.[1]

### FACTS[2] AND PROCEDURAL HISTORY

¶2        In October 2014, Mother filed a petition to establish paternity, legal decision-making, parenting time, and child support for one child, born in October 2008 (Child).  By January 2015, the parties had reached an agreement that Father was the biological parent of Child and that they would share legal and physical custody of Child.  A trial was held in April 2015 to address the remaining issues of child support and the allocation of attorneys' fees.  At the trial, Father argued he was laid off in March 2015 and had been unable to obtain comparable employment.

¶3        After taking the matter under advisement, the family court issued its order finding Father's recent reduction in earnings was voluntary and unreasonable.  After considering the relevant financial factors and discretionary allowances and adjustments in accordance with the Arizona Child Support Guidelines, the court ordered Father to pay Mother monthly child support of $333.31.  The court also granted Mother's request for an

---

[1]        Mother did not file an answering brief.  Although we could regard this failure as a confession of error, *see* ARCAP 15(a)(2); *Thompson v. Thompson*, 217 Ariz. 524, 526 n.1, ¶ 6 (App. 2008), in our discretion, we decline to do so, *see Nydam v. Crawford*, 181 Ariz. 101, 101 (App. 1994).

[2]        We view the facts in the light most favorable to upholding the family court's order.  *Gutierrez v. Gutierrez*, 193 Ariz. 343, 346, ¶ 5 (App. 1998) (citing *Mitchell v. Mitchell*, 152 Ariz. 317, 323 (1987)).

award of attorneys' fees, finding both a substantial disparity of financial resources between the parties and that Father acted unreasonably in the litigation.

**¶4**        Father timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1)[3] and -2101(A)(1).

## DISCUSSION

**¶5**        Father argues the family court erred in entering an award of child support and attorneys' fees "without having all facts."  Father also argues the court abused its discretion in concluding his unemployment was voluntary and attributing him income for purposes of calculating child support.  We review the factual determinations underlying the calculation of child support and attorneys' fees, and the resulting award, for an abuse of discretion.  *See In re Marriage of Robinson & Thiel*, 201 Ariz. 328, 331, 335, ¶¶ 5, 20 (App. 2001).

**¶6**        Father contends that documents attached to his opening brief prove his unemployment is not voluntary.  However, these documents are not contained within the record,[4] and we will not consider them on appeal.  *See Lewis v. Oliver*, 178 Ariz. 330, 338 (App. 1993) ("We will consider only those matters in the record before us.").

**¶7**        Furthermore, as the appellant, Father "is responsible for making certain the record on appeal contains all transcripts or other documents necessary for [this Court] to consider the issues raised on appeal."  *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995); *see* ARCAP 11(b) (explaining the duty of the appellant to order certified transcripts).  No transcript was provided here, and, in the absence of a complete record, we presume both that substantial evidence exists to support the factual findings, both express and implied, of the family court, and that the court properly exercised its discretion.  *See Renner v. Kehl*, 150 Ariz. 94, 97 n.1

---

[3]        Absent material changes from the relevant date, we cite a statute's current version.

[4]        Father concedes this evidence was never presented to the family court because his attorneys "did not represent [him] to their full capabilities."  Claims regarding the inadequacies of retained counsel are not proper for an appeal on the merits and are more properly directed to the State Bar of Arizona.

(1986) (citing *Auman v. Auman*, 134 Ariz. 40, 42-43 (1982), and *Visco v. Universal Refuse Removal Co.*, 11 Ariz. App. 73, 76 (1969)).  On this record, we find no error.[5]

**CONCLUSION**

¶8          The orders of the family court are affirmed.



Ruth A. Willingham · Clerk of the Court
FILED : ama

---

[5]      Father also suggests the family court should have taken some action to ensure he received parenting time while the parties discussed settlement, and he also requests information regarding an otherwise unidentified letter he received via mail that "appear[s] to be an order" but is "completely illegible."  These are not issues for which we can grant relief on appeal, and we do not address them.