NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

LAURA KNIGHT, *Petitioner/Appellee,*

*v.*

COREY KNIGHT, *Respondent/Appellant.*

No. 1 CA-CV 16-0224 FC
FILED 1-31-2017

Appeal from the Superior Court in Maricopa County
No.  FC2014-007915
The Honorable Pamela Hearn Svoboda, Judge

**AFFIRMED**

COUNSEL

Underwood Law Office, Phoenix
By Sonya E. Underwood
*Counsel for Petitioner/Appellee*

Corey Knight, Surprise
*Respondent/Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Paul J. McMurdie joined.

---

**J O N E S**, Judge:

¶1        Corey Knight (Father) appeals the family court's orders regarding student loan debt, child support, and attorneys' fees.  For the following reasons, we affirm.

## FACTS[1] AND PROCEDURAL HISTORY

¶2        Father and Laura Knight (Mother) were divorced in January 2016, following a contested hearing.  Within the decree, the family court ordered Father to pay monthly child support, found Father acted unreasonably in the litigation, and awarded Mother a portion of her attorneys' fees.  The court later set the amount of attorneys' fees at $10,000 and, on Mother's motion, amended the decree to correct defects in the child support order and to divide a previously unaddressed financial account between them.  Father timely appealed.  We have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1)[2] and -2101(A)(1) and (5)(a).

## DISCUSSION

¶3        Father argues the family court abused its discretion by: (1) determining Father's annual income, for purposes of calculating support obligations, based upon his historical earnings; (2) setting Mother's attorneys' fee award at $10,000; and (3) rejecting Father's argument that his student loan debt was a community obligation.  The first two issues are reviewed for an abuse of discretion.  *See Hamblen v. Hamblen,* 203 Ariz. 342, 347, ¶ 25 (App. 2002) (factual issues underlying child support calculation)

---

[1]        We view the facts in the light most favorable to upholding the family court's orders.  *See Gutierrez v. Gutierrez*, 193 Ariz. 343, 346, ¶ 5 (App. 1998) (citing *Mitchell v. Mitchell*, 152 Ariz. 317, 323 (1987)).

[2]        Absent material changes from the relevant date, we cite a statute's current version.

(citing *Kelsey v. Kelsey*, 186 Ariz. 49, 53 (App. 1996)); *Thompson v. Corry*, 231 Ariz. 161, 163, ¶ 4 (App. 2012) (amount of attorneys' fees) (citing *ABC Supply, Inc. v. Edwards*, 191 Ariz. 48, 52 (App. 1996)). An abuse of discretion exists when the record is "devoid of competent evidence to support" the decision. *See Fought v. Fought*, 94 Ariz. 187, 188 (1963). The characterization of debt as a separate or community obligation is a question of law we review *de novo*. *Schickner v. Schickner*, 237 Ariz. 194, 199, ¶ 22 (App. 2015) (citing *Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 523, ¶ 4 (App. 2007)). In the course of our *de novo* review, however, we defer to the court's underlying factual findings, *see In re Shaheen Tr.*, 236 Ariz. 498, 500, ¶ 7 (App. 2015) (citing *In re Estate of Shumway*, 198 Ariz. 323, 326, ¶ 9 (2000)), unless they are clearly erroneous, *In re Estate of Zaritsky*, 198 Ariz. 599, 601, ¶ 5 (App. 2000) (citing Ariz. R. Civ. P. 52(a), and *In re Marriage of Berger*, 140 Ariz. 156, 161 (App. 1983)).

**¶4** As the appellant, Father "is responsible for making certain the record on appeal contains all transcripts or other documents necessary for [this Court] to consider the issues raised on appeal." *Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995); *see* ARCAP 11(c) (explaining the duty of the appellant to order certified transcripts). But Father did not include the trial transcript in the record on appeal. Because the arguments Father raises are grounded in his characterization of the evidence presented to the family court, in the absence of a complete record, we are obligated to presume that substantial evidence exists to support the court's factual findings, both express and implied, and that the court properly exercised its discretion. *See Renner v. Kehl*, 150 Ariz. 94, 97 n.1 (1986) (citing *Auman v. Auman*, 134 Ariz. 40, 42-43 (1982), and *Visco v. Universal Refuse Removal Co.*, 11 Ariz. App. 73, 76 (1969)). On this record, we find no error.

## CONCLUSION

**¶5** The orders of the family court are affirmed.

**¶6** Mother requests an award of attorneys' fees on appeal pursuant to A.R.S. § 25-324. In our discretion, we decline this request. However, as the prevailing party, Mother is entitled to her costs incurred on appeal upon compliance with ARCAP 21(b).

