NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

In re the Matter of:

RAFE A. J. PHILLIPS, *Petitioner/Appellee,*

*v.*

VANESSA N. CABRERA, *Respondent/Appellee,*

MARGARET PHILLIPS, *Intervenor/Appellant.*

No. 1 CA-CV 17-0390 FC
FILED 3-27-2018

Appeal from the Superior Court in Maricopa County
No. FC2015-005693
The Honorable Ronee F. Korbin Steiner, Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Vanessa N. Cabrera, Gilbert
*Respondent/Appellee*

Margaret S. Phillips Attorney at Law, Tucson
By Margaret S. Phillips
*Counsel for Intervenor/Appellant*

## MEMORANDUM DECISION

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge James B. Morse Jr. joined.

J O N E S, Judge:

¶1          Margaret Phillips appeals the family court's order denying her petition to establish grandparent visitation and awarding Vanessa Cabrera (Mother) attorneys' fees and costs.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          Mother and Rafe Phillips (Father) were married in August 2010 and divorced in October 2015.[1]  At the time of the divorce, the parties' two minor children (the Children), were ages five and four.  In May 2016, Phillips, the Children's paternal grandmother and a licensed Arizona attorney, petitioned for grandparent visitation.  Shortly thereafter, Mother petitioned for a permanent modification of the legal decision-making authority and parenting time based upon concerns regarding Father's mental health, substance abuse, and threats of self-harm and domestic violence.  Father then agreed to suspend his parenting time while he participated in an inpatient substance abuse rehabilitation program.

¶3          At the May 2017 evidentiary hearing, Phillips admitted she had not seen the Children since 2011.  Phillips testified she tried, unsuccessfully, to visit the Children during Father's parenting times but admitted she had not even spoken with Mother since before the younger child was born and had not otherwise attempted to establish a relationship with the Children.  Phillips blamed the circumstances on a falling out with Mother in 2010, long before the divorce decree entered.  Although Phillips claimed to have sent gifts to the Children, most recently in 2013, the packages were addressed from Father.  Phillips did not provide any

---

[1]          "We view the facts in the light most favorable to sustaining the family court's ruling."  *Bell-Kilbourn v. Bell-Kilbourn*, 216 Ariz. 521, 522 n.1, ¶ 1 (App. 2007) (citing *Kohler v. Kohler*, 211 Ariz. 106, 107, ¶ 2 (App. 2005)).

admissible evidence to suggest Mother was an unfit parent at the time of the hearing.

¶4        Mother testified she did not believe contact with Phillips was in the Children's best interests; indeed, the Children had no idea who Phillips was because she had not attempted to establish a relationship with them.  Father's statements on the issue were inconsistent; his testimony that Phillips "deserved" grandparent visitation came just four months after he sent a message to Mother stating otherwise.  He did not comment on what arrangement he believed to be in the Children's best interests.

¶5        After taking the matter under advisement, the family court denied Phillips' request and awarded Mother her attorneys' fees and costs incurred in opposing the petition.[2]  Within its findings, the court found Mother "significantly more credible than [Phillips]" because Phillips lacked any personal knowledge regarding the Children, relying instead upon information from Father, "who by all accounts, has had alcohol issues and . . . used drugs in the past."  Phillips timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1)[3] and -2101(A)(1).

**DISCUSSION**

**I.        Requests for Production**

¶6        Phillips argues the family court erred in entering a protective order preventing her from recovering records related to Mother's health, employment, and other activities in 2010.  The court may enter an order protecting information from discovery where "justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Ariz. R. Fam. Law P. 53(A); *see also* Ariz. R. Civ. P. 26(c).  "A trial court has broad discretion in ruling on discovery issues, and we will not disturb its ruling absent a clear abuse of discretion" — that is, if the court "commits legal error in reaching a discretionary conclusion, or if the record lacks substantial evidence to support its ruling."  *Tritschler v.*

---

[2]        The family court also awarded Mother sole legal decision-making authority over the Children and ordered Father's parenting time be supervised.  These orders were not appealed.

[3]        Absent material changes from the relevant date, we cite a statute's current version.

*Allstate Ins.*, 213 Ariz. 505, 518, ¶ 41 (App. 2006) (citing *Perguson v. Tamis*, 188 Ariz. 425, 427 (App. 1996)). We find no abuse of discretion here.

¶7         When questioned about the relevance of the requested documents, Phillips asserted they would illustrate "a series of lies" that prevented Phillips from maintaining a relationship with Mother, and, by extension, the Children. The family court determined that these records, which predated the parents' marriage and the birth of the younger child, were not relevant to the Children's best interests or Mother's ability to parent. *See* A.R.S. § 25-409(C) (authorizing the court to order grandparent visitation if it finds, among other things, "the visitation is in the child's best interests"); *Chapman v. Hopkins*, 243 Ariz. 236, 244, ¶ 28 (App. 2017) (directing the court, in evaluating whether grandparent visitation is appropriate, to grant "robust deference" to a fit parent's opinion as to her children's best interests) (citing *Goodman v. Forsen*, 239 Ariz. 110, 113, ¶ 13 (App. 2016)). "Whether the time is too remote to be relevant is a question to be decided by the trial court, whose action in passing on the matter will not be reviewed, unless an abuse of discretion appears" under the facts of the particular case. *Burnett v. State*, 34 Ariz. 129, 138 (1928) (citations omitted). Phillips has shown no abuse of discretion here.

¶8         Phillips asserts this information from 2010 was critical to attack Mother's credibility. We disagree. "As evidence of the witness'[s] condition becomes more remote in time, it has proportionately less bearing on the credibility of the witness." *State v. Fleming*, 117 Ariz. 122, 125-26 (1977). Without any indication that Mother's veracity was compromised at the time of the 2017 hearing, we cannot say the court abused its discretion in determining that events occurring in 2010 had any bearing upon her credibility. *See id.* at 126 (finding the witness's two-day stay in a mental institution three years prior to the relevant transaction had no bearing on his credibility).

¶9         Phillips also argues the family court erred in ordering her to reimburse Mother for her attorneys' fees expended in filing the motion for protective order. However, the Arizona Rules of Family Law Procedure specifically direct the court to award the party requesting the protective order "the reasonable expenses incurred in opposing the motion [for discovery], including attorneys' fees, unless the court finds that the making of the motion was substantially justified or other circumstances make an award of expenses unjust." Ariz. R. Fam. Law P. 53(A), 65(A)(4)(b). The court did not make any findings excepting Phillips from this directive, and we find no error.

## II. Due Process and Time Limitations

**¶10** Phillips argues she was deprived of due process when the family court refused to grant her additional time to present her case. Whether a party is afforded adequate due process presents a question of law reviewed *de novo*. *Savord v. Morton*, 235 Ariz. 256, 260, ¶ 16 (App. 2014) (quoting *Mack v. Cruikshank*, 196 Ariz. 541, 544, ¶ 6 (App. 1999)). "The determination of when additional time is necessary is normally committed to the discretion of the trial court." *Volk v. Brame*, 235 Ariz. 462, 469, ¶ 22 (App. 2014).

**¶11** The family court "enjoys broad discretion to 'impose reasonable time limits on all proceedings or portions thereof and to limit the time to scheduled time.'" *Id.* at 468, ¶ 20 (quoting Ariz. R. Fam. Law P. 22(1), and citing Ariz. R. Evid. 611, cmt. to 2012 amendment, and *Findlay v. Lewis*, 172 Ariz. 343, 346 (1992)). Time limits are unreasonable if they deprive the litigants of due process — that is, the opportunity to be heard at a meaningful time, in a meaningful manner, through the presentation of evidence and testimony and confrontation of adverse witnesses. *Id.* at 468-69, ¶¶ 21-22, 24. Thus, the court must remain "sufficiently flexible in its allotment of time to preserve due process." *Id.* at 469, ¶ 22. The court is not, however, required to "indulge inefficient use of time by parties or their counsel." *Id.*

**¶12** We cannot say the family court acted unreasonably here. Shortly before trial, the court addressed Phillips' request for additional time, noting the parties had agreed at a status conference held only three weeks prior that the hour and fifteen minutes allotted to the issue of grandparent visitation was sufficient.[4] The ensuing minute entry order stated that the court would entertain motions to enlarge the trial time if based upon good cause. But Phillips made no attempt to explain "why she suddenly believe[d] more time [wa]s needed," and the motion was denied.

---

[4] Although Phillips argues she did not agree to the allotment of time, she did not include a complete transcript from the status conference within the record on appeal. *See Baker v. Baker*, 183 Ariz. 70, 73 (App. 1995) (explaining the appellant "is responsible for making certain the record on appeal contains all transcripts or other documents necessary for [the court] to consider the issues raised on appeal"); *accord* ARCAP 11(b). In the absence of a complete record, we presume substantial evidence exists to support the court's findings. *See Renner v. Kehl*, 150 Ariz. 94, 97 n.1 (1986) (citing *Auman v. Auman*, 134 Ariz. 40, 42-43 (1982), and *Visco v. Universal Refuse Removal Co.*, 11 Ariz. App. 73, 76 (1969)).

Phillips did not renew her motion at trial. She offers new arguments on appeal as to why additional time was warranted, but they have been waived. *See Crowe v. Hickman's Egg Ranch, Inc.*, 202 Ariz. 113, 116, ¶ 16 (App. 2002) ("Issues not properly raised below are waived.") (citing ARCAP 13(b)(3), and *R.E. Monks Constr. Co. v. Aetna Cas. & Sur. Co.*, 189 Ariz. 575, 578 (App. 1997)).

**¶13** Phillips also fails to prove a due process violation. Phillips bore the burden of proving grandparent visitation was in the Children's best interests. Phillips admitted she had not seen the Children for at least five years but argued Mother thwarted Phillips' attempts to establish a relationship with them in retaliation for a dispute that occurred between 2009 and 2011. Phillips devoted her presentation of evidence, testimony, and cross-examination, to those events. She did not present any evidence or testimony, or list any witnesses or exhibits within her pretrial statement, suggesting that she would have addressed the issue of grandparent visitation being in *the Children's* best interests or necessary to protect them had she been granted additional time. Rather, Phillips' position from the beginning was that she had "as much of a right to be with the minor children as does the family of the mother." And even if proven, Phillips' desire to share in the company of the Children would not suffice, in and of itself, to warrant grandparent visitation. *See* A.R.S. § 25-409(C).

**¶14** Moreover, Phillips listed only one witness in her pretrial statement — Father — and her proposed exhibits included only photographs of the Children, "internet reports" regarding health conditions Mother purportedly experienced in 2009, and documentation regarding gifts for the Children that Mother ultimately acknowledged she had received (albeit under Father's name). Nothing within Phillips' filings, or her brief on appeal, suggests that anything relevant and non-cumulative would have been introduced at trial had she been given additional time.

**¶15** Phillips argues the time restriction prevented her from presenting an opening statement or closing argument that "would have aided the trial court in understanding and appreciating [her] position." Phillips does not cite any authority suggesting due process requires an opening or closing statement, and the record reflects Phillips had ample opportunity to present her theory of the case. The family court specifically advised Phillips she "certainly" could choose to "use some of her allotted time to provide an opening and closing statement" and also reminded her it had "required pretrial statements from the parties which may serve the same purpose." Indeed, Phillips advanced her retaliation theory within

both her pretrial statement and her trial presentation, and the court accurately summarized this position within its findings.

**¶16**       On this record, we find no error in the limitations placed upon Phillips' presentation at trial.

### III.     Sufficiency of the Evidence

**¶17**       Phillips argues various errors exist within the family court's findings and analysis.   Legal issues and those involving statutory interpretation are reviewed *de novo*, but factual findings will be affirmed unless clearly erroneous.  *Castro v. Ballesteros-Suarez*, 222 Ariz. 48, 51-52, ¶¶ 11-12 (App. 2009) (citations omitted).  A finding of fact is not clearly erroneous if substantial evidence supports it — even if substantial conflicting evidence exists — giving due regard to the opportunity of the court to judge the credibility of the evidence.  *Id.* at ¶ 11 (quoting *Kocher v. Dep't of Revenue*, 206 Ariz. 480, 482, ¶ 9 (App. 2003), and then *Davis v. Zlatos*, 211 Ariz. 519, 524, ¶ 18 (App. 2005)).

**¶18**       Phillips argues the family court erred by failing to afford Father's opinion regarding visitation any weight.  The court found that Father's opinion was not entitled to deference because he was not a fit parent.  *See In re Marriage of Friedman & Roels*, 242 Ariz. 463, 467, ¶¶ 13, 21 (App. 2017) (noting that the special weight afforded to a parent's opinions concerning grandparent visitation applies only to a fit parent) (citing *McGovern v. McGovern*, 201 Ariz. 172, 177-78, ¶¶ 17-18 (App. 2001)).  Although Phillips suggests this finding was in error, the record reflects that at the time of trial Father had no legal decision-making authority and had not seen the Children for over a year while he sought treatment for alcohol abuse, drug abuse, and mental health issues that are well-documented within his psychiatric records.

**¶19**       Phillips argues the family court erred by concluding her type-written journal of events was unpersuasive.  We do not reweigh evidence on appeal.  *Castro*, 222 Ariz. at 52, ¶ 11 (citing *Cauble v. Ossalaer*, 150 Ariz. 256, 258 (App. 1986)).  Nor do we find error in the court's reluctance to afford Phillips' self-serving evidence any great weight.  *See Aranda v. Cardenas*, 215 Ariz. 210, 219, ¶ 34 (App. 2007) (noting self-serving testimony

is not conclusive, but rather, becomes "a matter of credibility for the fact-finder to determine").[5]

**¶20**　　　Phillips also argues the family court erred in finding she suffered from alcohol abuse and mental health issues without the aid of expert witness testimony and in the face of contradicting evidence. The record does not support this argument. Although the court noted that Father had reported that Phillips had issues with mental health and alcohol use, it made no findings to this effect. Nor were they necessary to sustain the court's ultimate conclusion that grandparent visitation was not in the Children's best interests.

**¶21**　　　Phillips argues the family court erred in failing to consider Mother's motive to deny visitation as retaliation for Phillips' "reaction to this long list of lies and manipulation." This argument is likewise unsupported by the record. The court specifically considered "[t]he motivation of the person objecting to visitation" and concluded "Mother is motivated by the best interest of the children." The court's disagreement with Phillips' position does not mean it did not consider the arguments she presented; to the contrary, we presume the fact-finder considered all relevant, competent evidence presented in reaching its conclusions. *See Fuentes v. Fuentes*, 209 Ariz. 51, 55-56, ¶ 18 (App. 2004) (citing *Able Distrib. Co. v. James Lampe, Gen. Contractor*, 160 Ariz. 399, 409 (App. 1989)). Phillips fails to prove error on this basis.

**¶22**　　　Finally, Phillips argues the family court's findings were hastily produced, generally unreliable, and reflect bias against her. Our review of the record reveals otherwise. Reasonable evidence supports the court's findings, and the findings justify denial of grandparent visitation to Phillips.

### IV.　Attorneys' Fees and Costs

**¶23**　　　Phillips argues the family court erred in awarding Mother her attorneys' fees and costs incurred in objecting to Phillips' request for grandparent visitation. Section 25-324(A) authorizes a court "from time to

---

[5]　　　On appeal, Phillips asserts she would have corroborated the information contained within her journal entries, had she been granted additional time at trial, "through three witnesses who were ready to testify and through exhibits." But Phillips did not identify any witnesses or exhibits within her pretrial statement that would have served this purpose. *See supra* ¶ 14.

time, after considering the financial resources of both parties and the reasonableness of [their] positions . . . [to] order a party to pay a reasonable amount to the other party for the costs and expenses of maintaining or defending any proceeding under this chapter." We review an award of attorneys' fees under this statute for an abuse of discretion. *Myrick v. Maloney*, 235 Ariz. 491, 494, ¶ 6 (App. 2014) (citing *Mangan v. Mangan*, 227 Ariz. 346, 352, ¶ 26 (App. 2011)).

¶24 The family court found no substantial disparity in income, but awarded fees based upon the unreasonableness of Phillips' position. Specifically, the court found Phillips: (1) "knew she lacked a relationship with the children yet she has requested excessive parenting time," (2) "made no contact with Mother to attempt to get to know the children" or otherwise "focused on building the relationship," and (3) "claimed Mother was unfit yet failed to produce any credible or tangible evidence to support her position," thereby "knowingly present[ing] a false claim."

¶25 On appeal, Phillips argues her position was reasonable because she was born and raised "in a different culture." Although cultural differences may, under proper circumstances, explain a grandparent's unwillingness to interfere in the parents' relationship during marriage, they do not excuse Phillips' decision to proceed with a petition for grandparent visitation under the circumstances presented here. The court did not abuse its discretion in awarding fees and costs.

## CONCLUSION

¶26 The family court's orders are affirmed.